Judgment and order denying new trial affirmed, with costs.

---

In the Matter of the Application of ANNA ELIZABETH HECHT, for the Appointment of a Successor Trustee Under the Will of HENRY SCHNEIDER, Deceased.

*Testamentary trust — death of an executor-trustee — appointment of a successor trustee.*

Upon the death of a sole executor, engaged in the execution of a not fully executed express trust, imposed upon him by the will as a part of his duties as executor, a case is presented for the appointment of a successor trustee by the surrogate, under section 2818 of the Code of Civil Procedure.

A will gave to a person named "the interest of the sum of $10,000, at the rate of six per cent per annum and to be paid semi-annually by the below-named executor" during the beneficiary's life, followed by a provision for the disposition of the capital sum on the death of the life beneficiary.

*Held,* that an active express trust was created, annexed to the office of executor; That the executor was thereby made a trustee, and that on his death in the lifetime of the life beneficiary, leaving the trust not fully executed, a case was presented for the appointment of a successor trustee by the surrogate.

APPEAL by Elizabeth Miller and others, as the executrix and executors of the will of Frederick Miller, deceased, and by Elizabeth Miller, individually and as administratrix with the will annexed of Henry Schneider, deceased, from a decree of the Surrogate's Court of Kings county, entered in the office of the surrogate on the 21st day of February, 1893.

*Charles Reinhardt,* for the appellants, executors of Frederick Miller.

*Otto F. Struse,* for Elizabeth Miller, appellant.

*Hurd & Grim,* for the petitioner, respondent.

DYKMAN, J.:

This is an appeal by Elizabeth Miller, individually and as administratrix with the will annexed of Henry Schneider, and also by the executors of Frederick Miller, deceased, from a decree of the surrogate of the county of Kings, dated February 21, 1893, by which the surrogate appointed the Nassau Trust Company, of the city of Brooklyn, a successor trustee under the last will and testament of Henry Schneider, deceased, and directed the executors of the last will and testament of Frederick Miller, deceased, to account to the trust company.

Henry Schneider died in or about the year 1874, leaving a last will and testament, proved in that year, which contains the following, among other provisions : "*First.* After all my lawful debts are paid and discharged, I give and bequeath and devise as follows : To my brother Daniel Schneider, residing at the time in Maxfield, Iowa, the interest of the sum of $10,000, at the rate of six per cent per annum, and to be paid semi-annually by the below-named executor during his natural life. *Second.* In case of the death of my above-named brother Daniel Schneider, the said amount to be

divided as follows, viz.: To my brother Jacob Schneider, $2,500; to my sister Ann Elizabeth, widow of Henry Hecht, $2,500, and also to my sister Elizabeth, wife of Frederick Miller, $5,000. *Third.* To my above-named brother Jacob Schneider, residing at the time in the city of New York, $5,000. *Fourth.* To my aforesaid sister Ann Elizabeth, residing at the time in the city of Brooklyn, widow of Henry Hecht, the interest from the sum of $10,000, at the rate of six per cent per annum, to be paid semi-annually by the below-named executor during her natural life. *Fifth.* In case of the death of my said sister Ann Elizabeth, then the said amount of $10,000 to be divided among her children as follows, namely: To Frederick Loewer, $8,000; to Anna Maria Hecht, $2,000.

" To my nephew, John Henry Schneider, residing at the time in the city of New York, son of Conrad Schneider, $300.

" *Seventh.* All the remainder of my estate, real or personal property, of whatever name or nature, of which I might be possessed at the time of my death, and which might accrue to me after my death, to my sister Elizabeth, wife of Frederick Miller, residing at the time in the city of Brooklyn, to have and to hold the same unto herself, her heirs and assigns forever.

" Likewise, I make, constitute and appoint my brother-in-law, Frederick Miller, to be executor of this, my last will and testament, hereby revoking all former wills by me made."

Frederick Miller, the executor named in the will, qualified as such, but did nothing thereafter in the way of administering upon the estate of Henry Schneider, and died in the year 1891, without having filed an inventory or having rendered any account.

Whatever property of the estate of Henry Schneider came into his possession as executor he apparently mingled with his own funds.

The application to the surrogate was by a petition for the appointment of a successor trustee, the claim being made that as to the two sums of $10,000 each mentioned in the will of Henry Schneider, the deceased executor was a trustee.

Elizabeth Miller, the sole residuary legatee of Henry Schneider, under the will above quoted, qualified as administratrix with the will annexed of Henry Schneider, and letters to her, as such administratrix, were granted by the surrogate of the county of Kings on the 12th day of January, 1893, and she is now such administratrix.

The petition to the surrogate was made by Anna E. Hecht, and stated, among other things, that from the probate of the will, Frederick Miller paid to her the interest on the sum of $10,000, according to the directions of the will, and his executor has paid the same to her since his death. It further states that Frederick Miller, the executor of Henry Schneider, made one payment of the income of $10,000, part of the trust fund, to Daniel Schneider, and thereafter received Daniel Schneider into his house, as a member of his family, and cared for and supported him in lieu of paying him the income.

That Daniel Schneider is now living, and is of the age of eighty-four years, and is feeble and infirm. That said Jacob Schneider is dead. That the said Elizabeth Miller is living, and is of the age of seventy-two years, and is also infirm and feeble.

That the petitioner is of the age of seventy years, and that Frederick Loewer is living and is of the age of forty-one years. That said Maria Hecht is living, and is of the age of thirty-nine years.

It further states that Frederick Miller was careless in the management of the estate of Henry Schneider, and mingled the assets thereof with his own property, and that Elizabeth Miller, his widow and executrix, as the residuary legatee and devisee under the will of Henry Schneider, holds and has in her possession a large part of the assets of the estate which she claims as her property by virtue of the residuary clause of said will, and as executrix of the will of Frederick Miller ; that she is advanced in years and is feeble in body, and unfit to act as the trustee of the said sum of $20,000, and that Daniel Schneider, by reason of his great age and feebleness, is also unfit to act as such executor, and for those reasons asks for the appointment of a new trustee.

The insistance of the appellant is, that no trust was created by the will of Henry Schneider, and consequently Frederick Miller was never appointed a trustee, but the position is untenable. There were two distinct active trusts created by the will, and the execution of both was devolved upon the executor in express terms. The power or trust was annexed to the office of executor.

It may be well enough to say that no trust was devolved upon the executor separate from his duties as such, and that the execution of the trust was a part of his duties imposed upon him as executor.

Such distinction may be important upon a question of commissions, but it is not so here.

The executor had executed the trust, paid the interest to the beneficiaries, paid one of the beneficiaries from the time of his qualification as executor down to the time of his death, a period of about seventeen years. As, therefore, the trust was an express trust, and he was engaged in its execution, and it remained unexecuted, we think the case falls within the spirit and intention of section 2818 of the Code of Civil Procedure, which authorizes the surrogate to appoint a successor of a sole testamentary trustee who dies.

Chapter 185 of the Laws of 1882 also provides that upon the death of a surviving trustee of an express trust, the trust estate shall not descend to his next of kin or personal representatives, but the trust shall vest in the Supreme Court.

Under that statute there was no one to execute the trusts in the will of Henry Schneider, and the appointment of a new trustee was necessary. It was necessary only to inquire whether the deceased executor was engaged in the execution of a trust which remains unexecuted. When that fact appeared, the appointment of a successor became necessary. (*The Matter of Waring*, 99 N. Y. 115.)

The accounting is not only proper, but, in view of the facts disclosed, it is necessary.

The decree should be affirmed, with costs to be paid by the appellant personally.

BARNARD, P. J., and PRATT, J., concurred.

Decree affirmed, with costs to be paid by appellant personally.