HORSFIELD v. BLACK et al.

(Supreme Court, Appellate Division, First Department. May 5, 1899.)

1. DEVISES—TRUSTS—COLLECTION OF RENTS.

A devise to trustees, directing them to rent the land, and pay therefrom a certain annuity to a person for life, is valid, under 1 Rev. St. marg. p. 728, § 55, subd. 3, authorizing a devise in trust, directing the trustees to receive the rents and apply them to any person during his life, though the devise makes no provision for the payment of rents in excess of the annuity, since marginal page 726, § 40, provides that, where no valid direction is given for the accumulation of such rents, the same shall belong to the persons presumptively entitled to the next eventual estate.

2. SAME—LEGATEES.

Beneficiaries under a devise of lands in trust authorized by 1 Rev. St. marg. p. 728, § 55, subd. 2, directing the trustee to sell the lands and divide the proceeds among the beneficiaries, are legatees, the legal title remaining in the trustee, and hence cannot maintain an action for the partition of the land.

3. SAME—ADMINISTRATORS WITH THE WILL ANNEXED.

An administrator with the will annexed, appointed after the executor's death, can exercise no authority over lands which the will had devised to the executor as trustee, under 1 Rev. St. marg. p. 728, § 55, subd. 2, with directions to sell, and to divide the proceeds among the beneficiaries, in view of marginal page 730, § 68, requiring the court to appoint a trustee to carry out a trust on the death of the trustee appointed by the will.

Appeal from special term, New York county.

Action by Alice Horsfield against William T. Black and another, administrators with the will annexed of the estate of William Appelby, and others. From a judgment of partition, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

J. A. Flannery, for appellants.
S. Campbell, for respondent.

VAN BRUNT, P. J. This action was brought for the partition of certain real estate of which William Appelby on the 1st of January, 1870, died seised. Said Appelby left a last will and testament, which was duly admitted to probate, in which, after making certain specific devises and bequests, he provided as follows:

"All the rest, residue, and remainder of my real and personal estate which I may die seised or possessed of, or entitled to, at the time of my decease, situated in the states of New York or New Jersey, or either of said states, and in any other state of the United States, or wheresoever the same may be at the time of my decease, I give, devise, and bequeath unto my executors and trustees hereinafter named, to have and to hold the same unto them, and the survivor of them, forever, to, for, and upon the following uses, trusts, intents, and purposes, and to, for, and upon no other use, trust, intent, or purpose whatever: That is to say, in trust, in the first place, to take possession and

charge of the said real and personal estate mentioned in this fourth clause of this my will, and rent out said real estate, and to invest my said personal estate at interest, and out of the said rents and profits of my said real estate, after deducting all taxes, assessments, insurance, repairs, and other necessary expenses, and out of the income of my said personal estate, to pay over for and towards the support and maintenance of my said daughter Sarah Ann, yearly, and every year during her natural life, in quarter-yearly payments, the sum of four hundred dollars. In trust, in the last place, upon the decease of my said daughter Sarah Ann to sell and dispose of my said real and personal estate mentioned in this fourth clause of my will, and to divide the proceeds arising therefrom equally among my children and grandchildren, and no others, namely, Joseph C. Appelby, James Appelby, John A. Appelby, Walter A. Appelby, and the children of my daughter Sarah Ann. The children of my daughter Mary Eliza are not to receive any share or part thereof under this clause of my will, I having provided for them in the second clause of this my will. * * * Lastly, I do hereby constitute and appoint my sons Joseph C. Appelby and James Appelby to be executors of this my last will and testament, hereby revoking and making null and void all former and other wills by me at any time heretofore made. And I do hereby constitute and appoint my said executors, and the survivor of them, trustees for all the real and personal estate, except the real estate given to my daughter Mary Eliza Green for and during her natural life, and at her decease to her children, and except the personal estate given to my said daughter Mary Eliza Green, and except all the personal estate given to my daughter Sarah Ann Appelby, and also trustees for all and every of the purposes of this my will; and I do hereby authorize them, my said executors and trustees, to sell and dispose of the said real and personal estate so given and bequeathed unto them in trust either at private or public sale, and upon such sale to make, execute, and deliver to the purchaser or purchasers thereof good and sufficient conveyance therefor in the law."

By codicils to his will, certain changes were made in the ultimate beneficiaries, and the provision for the testator's daughter Sarah Ann was increased from $400 to $700.

James Appelby and Joseph C. Appelby, named in the will as executors and trustees, are both deceased; the survivor having died on the 30th of January, 1887. James Appelby was discharged as executor in October, 1878. In July, 1883, William T. Black and James Appelby, 2d, were appointed administrators with the will annexed of said William Appelby. Sarah Ann Appelby died on the 2d of February, 1895. The plaintiff, claiming an interest in the residuary real estate of the testator, brought this action in partition; and the administrators with the will annexed interposed answers, alleging that the title vested in them as such administrators, and that they had the sole right to convey the same. The court held that the plaintiff had title and could maintain the action, and from such judgment this appeal is taken.

It seems to us that the parties to this action have entirely lost sight of the fact of the devise by the testator to trustees of his real estate. Such devise was to the trustees for trusts recognized by the Revised Statutes. The first trust was valid under subdivision 3 of section 55 of the Revised Statutes (volume 1, marg. p. 728), namely, to receive rents and profits of lands, and apply them to the use of any person during the life of such person, or for any shorter term. Here the devise was to receive the rents, issues, and profits, and to apply $700 thereof to the use of his daughter Sarah Ann. It is claimed, however, that, there being no disposition of any excess of such issues and

profits over the said $700, there is some infirmity in the trust. But section 40 (1 Rev. St. marg. p. 726) expressly provides for that contingency, and states that, where no valid direction is given for the accumulation of such rents and profits, the same shall belong to the persons presumptively entitled to the next eventual estate. The testator then states that the devise is upon the further trust, upon the decease of his said daughter, to sell and dispose of his real estate, and to divide the proceeds among certain beneficiaries therein named; this being an active trust, expressly recognized by subdivision 2 of said section 55 of the Revised Statutes, namely, to sell, mortgage, or lease lands for the benefit of legatees, or for the purpose of satisfying any charge thereon. Here the testator directed his trustees to sell the land, and to divide the proceeds among his legatees. The persons named took as legatees, under the provisions of the will, and not as devisees; the legal title to the residue of the real estate being always in the trustees. Now, the trustees having died, and the trust, pursuant to the statute, having devolved upon the supreme court, it becomes the duty of the court to appoint some person to carry out this trust on its behalf, as provided by section 68 of the Revised Statutes (volume 1, marg. p. 730). How the administrators with the will annexed can take anything in respect to this partition of the estate, or exercise any authority over it, is inexplicable. It might very well have been, had the trust attempted to be created by the will not been for purposes recognized in the Revised Statutes, that the provision in regard to sale and division might have been executed as a power in trust by the administrators with the will annexed. But the trust was an express trust recognized by the statutes. The title vested in the trustees, and they or their successors are the only persons who can carry the provisions of the will into effect. It follows, therefore, that neither the plaintiff, nor the administrators with the will annexed, nor any of the other parties interested in this will, can acquire their interest in this residuary estate, except by the execution of the trust by the court through its agent.

The necessary result seems to be that the judgment must be reversed, and the complaint dismissed, without costs to either party. All concur.