(39 Misc. Rep. 502.)

### JEWETT v. SCHMIDT et al.

(Supreme Court, Special Term, New York County. December, 1902.)

1. WILL—ESTATE CONVEYED.
    Testator bequeathed to his daughter "the interest or income, as it accrues," of a named sum of money, to be set apart in certain stock during her life, with a provision that at her death the fund was to go to her legal issue, equally, after they had reached majority. *Held* to give to such daughter only a life interest.

2 ADMINISTRATORS—RIGHTS IN TRUST FUND.
    Where executors set apart a trust fund under a will, and paid over the income thereof to a beneficiary as directed by the will, and died, administrators with the will annexed have no right to hold the fund, and the remainderman is entitled, while the life tenant is living, to sue to have a trustee of the fund appointed.

Action by Elsie M. Jewett against Melinda P. Schmidt and Bache McEvers Schmidt and others to recover an interest under the following provision of the will of plaintiff's grandfather:

"To my daughter Melinda I also give the interest or income as it accrues on two hundred thousand ($200,000) dollars during her natural life; the said

amount to be set apart in such good dividend paying stocks as may stand in my name at the time of my decease, and at the then market value of the same. And at her death I will that the said amount of two hundred thousand ($200,000) dollars go to her legal issue, in equal portions, after they severally reach the full age of twenty-one years."

Judgment for plaintiff.

Thomas J. Falls, for plaintiff.

Barclay E. V. McCarty, for defendants Melinda P. and Bache McEvers Schmidt.

A. Coleman Smith, for defendant F. L. Schmidt, Jr.

KEENER, J. The plaintiff is entitled to an interlocutory judgment appointing a trustee and a referee to take and state the accounts, and directing that the amount of the trust fund, as ascertained by said accounting, be paid over to said trustee. Royce v. Adams, 123 N. Y. 402, 25 N. E. 386; Horsfield v. Black, 40 App. Div. 264, 57 N. Y. Supp. 1006; Wildey v. Robinson, 85 Hun, 362, 32 N. Y. Supp. 1018. A trust was created by the provisions of this will. Matter of Hecht, 71 Hun, 62, 24 N. Y. Supp. 540. The principal is not given to Melinda P. Schmidt for life, but only the "interest or income as it accrues." The case at bar differs in that particular from Butler v. Butler, 41 App. Div. 477, 58 N. Y. Supp. 1094, and Snedeker v. Congdon, 41 App. Div. 433, 58 N. Y. Supp. 885. The direction that she was to have the interest or income as it accrued negatives the idea that she was ever to receive the legal title to the principal. In the case at bar the question is whether she has title, in any capacity, to the fund in dispute, whereas in the Butler Case the question was not whether Orlando Butler had title or not, but in what capacity he held title. The present case differs further from the Snedeker Case, in that the will in the latter expressly named the gift a "life estate." The question of the creation of a trust by the provisions of the will under consideration has in fact already been determined in a proceeding had before the late Mr. Justice Van Vorst, to which the defendant Melinda P. Schmidt was a party, and in which judgment was entered on June 16, 1880. The complaint in that action prayed for a construction of the will, and the judgment therein clearly established a trust, and directed the setting aside of the trust fund now in dispute. The then executors accordingly set apart a fund, the income of which they paid regularly to Melinda P. Schmidt, and as to which they accounted, as trustees, in the surrogate's court, in proceedings, to which she was also a party, and in which they received commissions as trustees. On the setting apart of this fund, it ceased to be a part of the estate, and was, of necessity, held by the former executors as trustees, since it is no part of an executor's duty to hold funds as an investment for the purpose of paying the income therefrom to beneficiaries. Matter of Union Trust Co., 70 App. Div. 5, 75 N. Y. Supp. 68; Matter of Dewey, 153 N. Y. 63, 46 N. E. 1039. When the defendants Melinda P. Schmidt and Bache McEvers Schmidt were appointed administrators with the will annexed, on the death of the surviving executor, the fund thus set apart, and which is the subject of controversy here, had ceased to be a portion of the unadministered estate of George P. Pollen, de-

ceased, and they were not entitled thereto under their letters of administration. To use the language of Mr. Presiding Justice Van Brunt, "How the administrators with the will annexed can take anything in respect to this part of the estate, or exercise any authority over it, is inexplicable." Horsfield v. Black, 40 App. Div. 264, 267, 57 N. Y. Supp. 1006.

The plaintiff is entitled to her costs and disbursements, and an allowance of $500, all to be paid out of the trust fund. Complaint dismissed as to the infant defendant Melinda P. Schmidt, with an allowance of $25, together with her disbursements, to be paid out of the trust fund, but without a separate bill of costs. Settle decision and interlocutory judgment on one day's notice. Ordered accordingly.