TRUSTS—CREATION—SUBSTITUTED TRUSTEES—APPOINTMENT.

> Where a will was so drawn that it was impossible to say whether testator intended to create a trust or to provide for the payment of certain funds to the beneficiaries, but on the settlement of the executors' accounts it was assumed that a trust was created, and the decree was framed accordingly, it is an election of the parties to construe the will as creating a trust, and on the death of one of the trustees the court will consider an application for the appointment of a substituted trustee in his place and a trustee in the place of the remaining trustee, who wishes to resign.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, § 1002; vol. 47, Trusts, §§ 222–224.]

In the matter of the judicial settlement of the estate of Henry Oltmans, deceased. Judicial settlement of the accounts of executors. Decree rendered.

Daisy Gaus, for petitioner.
Henry P. Burr, for George O. Zollinhofer.
Goeller, Shaffer & Eisler, for Sophie Zollinhofer.

CHURCH, S. There appears to have been a curious jumble of ideas concerning this estate, as the result of which several matters have been wrongly entitled and improper relief has been asked. Briefly stated, the situation is this: The deceased left a will in which, after making several bequests, he made provision for his wife and certain children during their lives. The will was very inartistically drawn, and it is impossible to say definitely whether it was the intention of the testator to have these funds held in trust by trustees or whether the persons given life estates were to take the property directly and to enjoy its use for the period named in the will. At the time of the settlement of the accounts of the executors, the parties seem to have mutually elected to treat the entire property as a trust estate to be held by the executors as trustees. It is apparent, however, that this course was not made the subject of any discussion or determination by the surrogate. Although the estate was thus technically held in trust, and hence by the executors as trustees, yet in the subsequent accounting, and in this accounting, the trustees are referred to as executors. The present proceeding is the outcome of the death of Charles H. Gaus, who was one of the executors named in the will, and who had acted in that capacity. This is a judicial settlement of his accounts as executor by Margaret Gaus, the executrix of his last will and testament. The other executor (or trustee, as he properly should be called), Zollinhofer, has been cited upon this accounting; but he does not appear or account. When the accounts of the said executrix were passed upon, a decree was submitted providing for the appointment of an administrator with the will annexed; but, inasmuch as there were no duties to be performed by the executors as such, it was manifestly improper for an administrator with the will annexed to be appointed.

The sole question of law arising was whether the estate should be distributed among the persons having life estates therein, or whether the will should be construed to create a trust, in which case it would be necessary to appoint a substituted trustee in the place of the deceased. This question, however, was not put in issue by the parties; but subsequently a decree was submitted, apparently agreed to, providing for the direct payment to the various life tenants of their proportion of the estate, upon a suitable bond being given by them under the provisions of the statute. The attention of the parties was drawn to this inconsistency with their previous decree, and a request was made for evidence as to the amount for which a bond would be required. A construction of the will of the deceased is now asked by the parties; the contention on the one hand being that the entire estate should be held in trust, and on the other that it should be distributed among the beneficiaries. As has been heretofore stated, the will is very inartistically drawn. There is no direct trust created, nor are any persons named as trustees, and there is no evidence in the instrument from which the intention of the testator to create a trust can be gathered. If this were an original question, it is doubtful whether an implied trust could be spelled out from the four corners of the will; but as, by the previous decree herein, the parties have

elected to regard a trust as having been created, and the surrogate has so ordered, the best interests of all concerned will be most effectively protected by continuing the estate funds in the hands of trustees.

Proceedings should therefore be instituted for the appointment of a substituted trustee in the place of the deceased trustee, and for the appointment of another trustee in the place of the executor, Zollinhofer, who, I am informed, is desirous of resigning his trust. When this is done, a suitable decree can be entered transferring the estate to the hands of such substituted trustees.

Decreed accordingly.