ADA H. MITCHELL, Respondent, v. CHARLES L. MITCHELL and Others, Appellants; Impleaded with WILLIAM E. MITCHELL and JAMAICA SAVINGS BANK, Defendants.

Second Department, March 11, 1910.

Will — real property — equitable conversion — reconversion — election — all persons interested must join.

Where testamentary trustees are directed to sell lands and divide the proceeds among persons named on the death of the life beneficiary, and to deduct a certain sum from the share of one of the remaindermen, the remaindermen cannot elect to extinguish the power of sale and to take the property in its unconverted form. This because they do not own the entire interest, because of the sum to be deducted from the share of one of them.

Under such circumstances, the power of sale must be exercised in order to make the distribution as commanded by the will.

Moreover, where a testator has directed trustees to sell lands and divide the proceeds, the beneficiaries cannot elect to extinguish the power of sale and take the property in its unconverted form where any of them object to the reconversion.

Hence, the assignee of one of the remaindermen entitled to share in the proceeds of such sale cannot maintain an action to partition the land.

APPEAL by the defendants, Charles L. Mitchell and others, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Queens on the 5th day of November, 1909, upon the decision of the court rendered after a trial at the Queens County Special Term overruling the said defendants' demurrer to the complaint.

*George S. Ingraham*, for the appellants.

*Nelson S. Spencer*, for the respondent.

THOMAS, J.:

The testator gave to his executors all his property, including real estate, to be held in trust by them, invested and reinvested, and the rents, income and profits thereof collected by his said executors and paid over by them to his wife, Rebecca Mitchell, during her life, and he directed that after her death his executors sell all his real estate and personal property remaining in their hands and divide the proceeds thereof equally among his three sons, William E. Mit-

chell, Frank F. Mitchell and Charles L. Mitchell, deducting from the share of William E. Mitchell the sum of $1,000, and he constituted the three sons executors of his will. This action is for the partition of real estate so given and is brought by Ada H. Mitchell succeeding by grant to the interest of William E. Mitchell. The power of sale has not been exercised. The Long Island Loan and Trust Company was substituted as trustee to administer the estate pending the death of Rebecca Mitchell on the 12th of April, 1909. The defendants Charles L. Mitchell, Frank F. Mitchell and the Long Island Loan and Trust Company demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of action. These defendants object that partition cannot be had, as there is an imperative power of sale which has not been exercised. Plaintiff contends that the devisees and the donees of the power of sale are the same, and that the devisees may elect to take the land and extinguish the power of sale. It is fatal to that contention that the devisees do not take nor own the entire interest, for $1,000 is to be deducted from the share of William E. Mitchell, hence it would be deducted from the share that plaintiff is entitled to take. Therefore, it is necessary that the power of sale be exercised for the purpose of making the distribution to the persons entitled in the proportions and in the degree declared in the will. But in addition the power of sale cannot be extinguished by the devisees taking the land, inasmuch as two of the devisees object to the election and to the attempted reconversion.

Plaintiff is not helped by the authorities cited by her. In *Hetzel* v. *Barber* (69 N. Y. 1) all taking interest in the land subject to the power elected to take the land and manifested their election by alienation. In the present case William has so manifested his election by conveying to the plaintiff, but the other two do not join. In *Prentice* v. *Janssen* (79 N. Y. 478), on which the plaintiff also relies, it was stated in the opinion that the " owner of the remaining one-fourth had assented to the reconversion by exercising acts of ownership," etc. Therefore, such person was precluded from objecting to the partition. In *Henderson* v. *Henderson* (113 N. Y. 1, 13) it was stated that one or more persons taking interest could not maintain compulsory partition proceedings pending the existence of the right in the executor to exercise his powers of partition and

sale ; and in *Horsfield* v. *Black* (40 App. Div. 264) it was decided that where the will gave the residue of the estate to executors in trust to collect the rents and apply a portion to the support of a daughter, and upon her death to sell such real and personal estate and divide the proceeds among designated beneficiaries, partition of the real estate could not be had. The testator selected his own method of effecting the sale of the land, and until all persons having interests in the proceeds of sale of the land unite for reconversion, the method preferred by the testator must obtain. For the reason that three beneficiaries do not so unite, and for the additional reason that if they did so unite the provisions of the will could not be carried out as the testator directs, plaintiff may not maintain this action.

Therefore, the interlocutory judgment overruling the demurrer should be reversed, with costs.

HIRSCHBERG, P. J., WOODWARD, JENKS and BURR, JJ., concurred.

Interlocutory judgment reversed, with costs, and demurrer sustained, with costs.