(72 Misc. Rep. 240.)

## DANAHER v. HILDEBRAND et al.

(Supreme Court, Special Term, New York County. May, 1911.)

1. SPECIFIC PERFORMANCE (§ 123*)—SCOPE OF RELIEF—SUFFICIENCY OF TITLE.
   Where a title involves legal questions as to the construction or legal effect of written instruments, they may be determined in an action for specific performance.
   [Ed. Note.—For other cases, see Specific Performance, Dec. Dig. § 123.*]

2. EXECUTORS AND ADMINISTRATORS (§§ 127, 138*)—POWER OF SALE—CON-STRUCTION—TRUST.
   Where a will directed the residue of testator's estate to be kept un-divided and undistributed until the death of his wife, who was to re-ceive the entire income so long as she remained his widow, and on her remarriage gave her half the income and the other half to his children, and at her death gave the residue to the children and their descendants, the issue of any deceased child to take the share which its parent would have taken, and authorized the sale of real property and investment of proceeds by his executors, the power of sale was not a naked power, but could be exercised by the surviving executors, and one of the grand-children could not elect to take his share instead of the proceeds during the life of the widow, without consent of the other contingent or condi-tional remaindermen.
   [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 527-530, 560-575; Dec. Dig. §§ 127, 138.*]

3. VENDOR AND PURCHASER (§ 130*)—TITLE OF VENDOR—DETERMINATION.
   Where a vendor and purchaser of real property contract for a deter-mination of the marketability of the title, and limit the amount of the purchaser's damage, if the title is not marketable, to the return of his

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

deposit and the reasonable expenses of examining the title, equity will not enforce a forfeiture until, within a reasonable time, there has been a determination of the question of marketability.

[Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. § 130.*]

Action by John J. Danaher against Catherine M. E. Hildebrand and another, as executors. Judgment for plaintiff.

Henry M. Bellinger, Jr., for plaintiff.
Decker, Allen & Storm, for defendants.

GUY, J. Action for the specific performance of a contract for the sale of real estate. Defendants held the real estate in trust as the surviving executors of a testator who died in 1891. The decedent's will, after giving certain trust legacies not here involved, directed that all the rest, residue, and remainder of his estate should be kept undivided and undistributed until his wife's death. He gave her the whole net income so long as she remained his widow; upon her remarriage, one half of the income was bequeathed to her, and the other half to his children, share and share alike; "and upon my wife's death I give, devise and bequeath all of the rest, residue and remainder of my estate, real and personal, unto all of my said children, their heirs and personal representatives forever, the issue of any deceased child to take the share which their parent would have taken." The testator also authorized his executors "to sell all or any part of my real estate in their discretion, and to give deeds therefor, and to invest the proceeds thereof in bonds or stocks of the United States or of the state of New York or city of New York, and in bonds secured by first mortgage upon improved property in the city of New York." The will conferred the duties of trustees upon the executors, a majority of whom are deceased.

On January 29, 1910, the surviving executors, including the widow, contracted to sell the land in question to the plaintiff for $40,000, of which they received a deposit of $1,500. The contract of sale provides that if the title is marketable either party shall be entitled to have the contract specifically performed, but, if unmarketable, then the deposit and the expenses of examination of title shall be the limit of the purchaser's damages. The cause of this unusual provision was (1) a deed, also a trust agreement, executed by Henry J. Hildebrand, one of the decedent's grandchildren, to one Martinsen, on July 17, 1908, of all his right, title, and interest to the property in question for the benefit of grantor's creditors; and (2) a doubt as to the effect of the execution of the power of sale by the surviving executors. An agreed case was executed for submission to the Appellate Division of these questions alone, but the sellers finally withdrew from the submission after the execution thereof. Some minor points were raised on the trial, but they were either merged in the submission or else were an afterthought.

[1] Where a title involves legal questions as to the construction or legal effect of written instruments, they can and should be determined

in an action for specific performance, or even on motion in a judicial sale. Matter of Baer, 147 N. Y. 348, 355, 41 N. E. 702; Wronkow v. Oakley, 133 N. Y. 511, 31 N. E. 521, 16 L. R. A. 209, 28 Am. St. Rep. 661. [2] The testator's descendants took only a contingent or conditional remainder until the widow's death. She is still alive. During her lifetime they have no absolute interest. Robinson v. Martin, 200 N. Y. 159, 93 N. E. 488. The power of sale was not a naked power, but was coupled with an interest for the express and valid purpose of changing the mode of investment, subject to the widow's approval. Her execution of the contract of sale was an approval. The power may be executed by the surviving executors. Real Prop. Law (Consol. Laws 1909, c. 50) § 166. The testator's grandchild, Henry J. Hildebrand, could not separately elect to take his contingent or conditional share of the property instead of its proceeds during the life of the life tenant or cestui without the consent of the other contingent or conditional remaindermen. A power of sale for the benefit of a number of contingent or conditional remaindermen can only be defeated by the united or concurrent action of all possible beneficiaries thereof. A number of them object to any such election. Who they will finally be is not yet definitely known. Mellen v. Mellen, 139 N. Y. 210, 221, 34 N. E. 925; Henderson v. Henderson, 113 N. Y. 2, 13, 14, 20 N. E. 814; Mitchell v. Mitchell, 137 App. Div. 15–17, 121 N. Y. Supp. 730; Emens v. St. John, 79 Hun, 99, 100, 29 N. Y. Supp. 655. The power of sale is superior to the rights of any descendant of the testator to separately alienate his contingent or conditional share. Rose v. Hatch, 125 N. Y. 433, 434, 26 N. E. 467.

[3] By the contract of sale the parties in effect contracted for a determination of the marketability of the title and the limitation of the purchaser's damage, if unmarketable, to the return of his deposit and the reasonable expenses of examining the title. Under such a contract equity will not enforce a forfeiture unless and until within a reasonable time there has been a determination of the marketability. The vendor's withdrawal of the submission to the Appellate Division has been the chief cause of the delay. The title is marketable, and unless both parties elect to rescind the contract there should be judgment for specific performance.

Judgment for plaintiff for specific performance, without costs. Settle judgment and decision on notice. Findings passed upon.

Judgment for plaintiff.