In the Matter of the Estate of MORRIS H. KRONSON, Deceased.

Surrogate's Court, Kings County, May 7, 1931.

*Wingate & Cullen* [*Miles F. McDonald* of counsel], for the executor trustee.

*Francis J. Rogers*, special guardian for Isabel Ruth Kronson, an infant.

WINGATE, S. The question primarily involved in the present application relates to the propriety of the appointment of a successor to a resigning executor trustee, as that term was employed by this court in its opinion in *Matter of Galloway* (139 Misc. 183, at p. 188). As a secondary consideration the question is presented as to what the powers and obligations of such successor will be and the capacity in which he will act if the propriety of his appointment is affirmatively determined.

The will of the instant decedent was probated in this court on March 27, 1930, and the executors therein named, namely, Ernestine O. Kronson and Moses Matthews, duly qualified. The instrument in question after bequeathing $5,000 to the widow left

the entire residue of the estate to the executors in trust for the life of the widow with direction " to pay the income and proceeds thereof to her, for her support and for the support, education and maintenance of my beloved daughter, Isabel Ruth."

In accordance with the rules adduced in *Matter of Abrahams* (136 Misc. 538), it was determined by this court that the trust obligations imposed by the will upon the executors were inextricably interwoven with their duties in the latter capacity. They were consequently directed, in the decree granting intermediate judicial settlement of their accounts, to continue to hold the assets of the estate pursuant to the terms of the will. This decree was entered on February 27, 1931.

An application has now been presented on behalf of Moses Matthews for permission to resign. In this he waives any rights to further commissions on the estate funds.

The reasons alleged for the desired resignation seem adequate. Such course is consented to by the coexecutrix trustee and the special guardian for the infant, on the condition that the substituted trustee to be appointed by this court shall be held to be vested with the same powers conferred upon the resigning fiduciary by the terms of the will. The powers in question are contained in the 4th item, which reads as follows: " Should the said Moses Matthews, deem it advisable at any time, he may pay half the said income and proceeds directly to my said beloved children. The said income and proceeds shall be paid in such manner, and in such proportions and at such times as my said Trustees, to wit, my beloved wife and the said Moses Matthews, shall deem advisable and proper."

From a reading of this item it is not entirely clear as to the extent of the discretionary power granted to Moses Matthews, in view of the provision that, if he exercises the discretion conferred upon him to pay one-half of the income to the infant, the time and manner of such payment must be the subject of joint agreement by the two fiduciaries. However, this question may never arise and, therefore, for present purposes, it is sufficient to note that the testator apparently intended to vest a certain discretion in the retiring fiduciary, and that this was an integral part of his testamentary plan.

In view of the fact that it must have been within the contemplation of the testator that the occasion for the exercise of this discretion might arise after the death of Moses Matthews, it seems apparent that it should be held to pass to a substituted fiduciary appointed in his place. (*Matter of White,* 135 Misc. 377, 384, and cases cited.)

The fact that an executor, upon whom are imposed trust duties which overlap his executorial functions, is not within the class of persons to whom commissions in a dual capacity may be granted under section 285 of the Surrogate's Court Act, both by reason of the provisions of the act itself (§ 314, subd. 6) and as a result of binding constructions thereof (*Matter of Abrahams*, 136 Misc. 538; *Matter of Jackson*, 138 id. 167; *Matter of Rappold*, Id. 163, and authorities cited in these decisions), does not result in such fiduciary being any the less " a true trustee of a genuine and valid trust." (*Matter of Galloway*, 139 Misc. 183, 186.)

It follows, therefore, that if a substituted fiduciary is to be appointed for the purpose of any purely trust duties imposed by the terms of the will, he must obviously be a trustee. (*Matter of Oltmans*, 53 Misc. 208; *Matter of Hecht*, 71 Hun, 62.)

In the latter case the General Term of this department said (at p. 65): " It may be well enough to say that no trust was devolved upon the executor separate from his duties as such, and that the execution of the trust was a part of his duties imposed upon him as executor.

" Such distinction may be important upon a question of commissions, but it is not so here.

" The executor had executed the trust, paid the interest to the beneficiaries, paid one of the beneficiaries from the time of his qualification as executor down to the time of his death, a period of about seventeen years. As, therefore, the trust was an express trust, and he was engaged in its execution, and it remained unexecuted, we think the case falls within the spirit and intention of section 2818 of the Code of Civil Procedure, which authorizes the surrogate to appoint a successor of a sole testamentary trustee who dies."

The resignation of Moses Matthews will, therefore, be permitted and Ely Stone, the individual consented to by all parties, will be appointed as successor trustee in his place. It is furthermore determined that such successor trustee will, on qualification, possess and be entitled to exercise those discretionary powers which by the terms of the will are granted to Moses Matthews.

Proceed accordingly.