est and for the public use. No doubt, the act of 1894 here under consideration could be construed in such a way as to make it unconstitutional. Thus, if it were deemed to authorize the acquisition of any lands in the town, however distant from the town hall, provided they were connected with the town hall by town lands, it would be invalid; for the title conveys no idea that any such extensive power of eminent domain is conferred. As I have already intimated, it does indicate that the act provides for acquiring the necessary site and appropriate surroundings by condemnation proceedings, if need be; but it does not point to any authorization to acquire lands at a distance from the building, or for purposes disconnected therefrom. And so I think it must be held that the public uses and purposes to which the act as amended applies are uses and purposes connected with the erection and maintenance of the town hall, and not any others. The petition shows that the object sought to be attained by taking the lands of the defendants is connected with the town hall. The chief purposes seem to be to protect that edifice from danger from fire, and to give freer access to it. The additional statement that the petitioners propose to utilize the open space thus created as a park for the benefit of the people of the town of Jamaica does not affect the legal purposes above mentioned. The petitioners could not, in my judgment, take the land solely for the purpose of making a pleasure park; but, if they acquire it for the protection and improvement of the town hall, no one can complain because they propose also to open it as a public pleasure ground.

One more objection remains to be considered. It is contended that the town board exhausted its power when it passed the resolution to acquire two of the parcels of land, and had no authority to adopt the subsequent resolution as to the third parcel. I find no warrant in the statute for thus restricting the power of the board.

There should be judgment that the plaintiff is entitled to take and hold the property for the public purposes of removing danger to the town hall from fire, and of permitting free access to said town hall from all sides. Let the parties agree upon the commissioners of appraisal, if possible.

## In re HOGARTY.

(Supreme Court, Appellate Division, First Department. June 7, 1901.)

1. WILLS—TRUSTS—REMAINDER—MERGER IN BENEFICIARY.

Testatrix bequeathed her residuary estate to executors, as trustees, to convert the same into cash, and pay the income of one-half of it to a sister, and on her death divide the principal equally among the sister's children. The children, being of age, assigned all their interest to their mother, who released to herself the income. *Held*, that the mother did not thereby acquire a right to the immediate payment of the remainder, under Laws 1896, c. 547, § 83, and Laws 1897, c. 417, § 3, providing that one entitled to a remainder in a trust fund may release his interest in the trust fund, and thus become entitled to the remainder, since these statutes apply only where the beneficiary of the trust sought to be terminated is entitled in his own right to the remainder, and the children, having no absolute, vested interests in the remainder until the death

of their mother, could convey nothing by assignment of their interests
to their mother.

**2. SAME—EXECUTOR—TRUSTEE—DOUBLE COMMISSIONS.**
Where a testatrix bequeathed her residuary estate to executors, as
trustees, to convert the same into cash, and pay the income as directed,
but no conversion had been made, the executors were not entitled to a
double commission, on the strength of their dual capacity as executors
and trustees.

**8. SAME—ISSUES OF LAW—WAIVER OF OBJECTION—COSTS—ALLOWANCE.**
Where the surrogate took no testimony in proceedings for the settle-
ment of an executor's accounts, but issues of law were made by the
filing of an answer to the executor's petition for settlement, the facts
being conceded,—no objection having been made by any of the parties
to such course,—an allowance of costs to the executor and special
guardian, as in case of a contest, will not be disturbed.

Appeal from surrogate's court, New York county.

Judicial settlement of the accounts of John M. Hogarty, executor
and testamentary trustee. From a decree settling the accounts (70
N. Y. Supp. 428), Kate E. Leach appeals. Modified and affirmed.

Argued before HATCH, McLAUGHLIN, O'BRIEN, INGRAHAM,
and LAUGHLIN, JJ.

Louis A. Noble, for appellant.
Samuel Riker, Jr., for respondent executor.
Rufus B. Cowing, for special guardian.

HATCH, J. The will of Adeline S. De Rivera, deceased, contains
a provision for a small bequest, and gives the rest and residue of her
property and estate to the executors therein named, as follows:

"I give, devise, and bequeath all the rest, residue, and remainder of my
estate, both real and personal, to my executors hereinafter named, and to
the survivor of them, in trust, however, for the following purposes: To sell
and convert the same into cash, and to invest the proceeds of such sale in
bonds secured by first mortgage upon real estate in the cities of New York
or Brooklyn, worth at least twice the amount loaned, or in bonds of the
United States of America, or stocks of the state or city of New York, and
to pay over to my sister Kate E. Leach the net income arising from the
equal one-half part of my said estate during her life. To pay over to my
sister Mary A. Charles the net income arising from the other equal half part
of my said estate during her life. On the death of my sister Kate E. Leach,
to pay over, distribute, and divide the equal one-half part of my said estate
to and among the children of my said sister Kate E. Leach, share and share
alike; and, in the event of any of such children being minors, it is my wish
that their father shall have no power or control to dispose of any share or
shares bequeathed to such children by me. On the death of my sister Mary
A. Charles, to pay over, distribute, and divide the other equal one-half part
of my said estate to and among the children of my said sister Mary A.
Charles, share and share alike. I authorize and empower my executors, and
the survivor of them, to sell any portion of my said estate at public or
private sale, upon such terms as to them may seem meet, and the same to
convey free and discharged of the trusts herein created."

The will nominated and appointed Alfred Peuqnet and John M.
Hogarty the executors thereof. Alfred Peuqnet died in the lifetime
of the testatrix. After the decease of the testatrix the will was duly
admitted to probate, and letters testamentary thereof were duly is-
sued out of the surrogate's court of the county of New York to John.
M. Hogarty, the petitioner herein, who duly qualified and entered up-

on the discharge of his duties as such executor, and in November, 1900, presented to the surrogate's court of the county of New York his petition for a judicial settlement of his accounts as executor and testamentary trustee. So far as the trust for the benefit of Mrs. Charles is concerned, no question arises upon this appeal; she having died before the testatrix, leaving several children.

It appears that Mrs. Leach, who is now over 60 years of age, survives, and at the time of the death of the testatrix had, and at the present time has, surviving, three children. These children, by an instrument in writing, have released, granted and conveyed to their mother, Kate E. Leach, all their right, title, and interest in and to the real and personal estate of the said testatrix which they had by virtue of her last will; and the mother has, by an instrument in writing, attempted to release unto herself the income directed by the will to be paid to her, and claims that by virtue of these releases the trust period is terminated, and that she became, pursuant to the provisions of the statutes (section 3, c. 417, Laws 1897; section 83, c. 547, Laws 1896), entitled to the equal one-half of the trust estate, freed from the trust. The statutes above referred to are the general laws relating to real and personal property, respectively, and are identical in purpose and effect; the provision being as follows:

"Whenever a beneficiary in a trust for the receipt of the rents and profits of real property is entitled to a remainder in the whole or a part of the principal fund so held in trust subject to his beneficial estate for a life or lives, or a shorter term, he may release his interest in such rents and profits, and thereupon the estate of the trustee shall cease in that part of such principal fund to which such beneficiary has become entitled in remainder, and such trust estate merges in such remainder."

It is urged against this claim that the remainder is not vested in the children of Mrs. Leach by the provisions of the will; that the gift to them is contingent upon their surviving their mother, and therefore survivorship at the termination of the life of the mother, the time to which distribution is postponed, is an essential condition to the vesting of any interest in the corpus of the estate; that if the gift to the children of Mrs. Leach is not to a class, and they take distributively, the remainders, at the best, are only vested, subject to be devested by the death of either during the lifetime of the mother, and subject, also, to open and let in after-born children of Mrs. Leach; and that therefore the transfer attempted to be made by the children to their mother of their interests under the will, and the release by Mrs. Leach to herself, are inoperative to vest in Kate E. Leach the absolute title to the property from which the income was derived, or to extinguish the trust created by the will, and she is not entitled to have paid and distributed to her the said one-half. This question presents the principal point in controversy upon this appeal; the surrogate having decided and decreed that the claim of Mrs. Leach is illegal and void, and that she has not become entitled in remainder to the property devised and bequeathed to the executors in trust; and from such decree said Kate E. Leach appeals to this court.

We think the construction of the will before us not difficult, and that the canons of interpretation established by the authorities in

this state may be applied to it with certainty. Indeed, we are of the opinion that the surrogate's court has correctly determined the question. It is clear, in the first place, that the will works an equitable conversion of the residuary estate given to the executors in trust into personalty. This is the evident scheme of the testatrix, as disclosed by the provisions of the instrument; and the first declaration as to the purposes of the trust is to sell and convert the trust estate into cash and to invest the proceeds, in addition to which there is a general power of sale. Hope v. Brewer, 136 N. Y. 126–134, 32 N. E. 558, 18 L. R. A. 458. It appears that the executor has never exercised this power, but, under the rule as to equitable conversion, the fact that the executor has failed to execute the trust as directed in this respect makes no difference in the construction to be put upon the will. Equity regards that as done which ought to be done. We shall therefore apply the rules of law governing the devolution of personal property.

As to the portion of the trust estate the income of which is directed to be paid to Kate E. Leach, the testatrix directs that on her death the executors shall pay over, distribute, and divide the equal one-half part of her said estate to and among the children of said Kate E. Leach, share and share alike. The fund is not given directly to any one upon the death of Mrs. Leach, and, the direction being that it is to be paid over, distributed, and divided among her children, the persons thus made the objects of the bounty of the testatrix take, not by virtue of a direct bequest or devise, but through the medium of the executors, and by virtue of the trust vested in them, to be executed only upon the death of their mother. The power cannot be exercised prior to such death, and, the gift being to a class, it must be held to be to those persons who constitute the class at the date when the distribution or division is directed to be made. Therefore the rule that, "where the only gift is found in a direction to divide at a future time, the gift is future, and not immediate, contingent, and not vested," is manifestly applicable. Clark v. Cammann, 14 App. Div. 127, 43 N. Y. Supp. 575, affirmed in 160 N. Y. 315, 54 N. E. 709; In re Crane, 164 N. Y. 71, 80, 58 N. E. 47. In every case we have been able to find where there has been a gift or devise to trustees to pay income to some person for life, and then to divide among the children,—either those of the testator or of the tenant for life,—the courts have held that the remainder was contingent, except where the case fell within one of the two following exceptions: First, if the postponement of payment is for the purpose of letting in an intermediate estate, then the interest shall be vested at the death of the testator, and the class, if it be a gift to a class, determined as of that date, for futurity is not annexed to the substance of the gift; second, where, from the examination of the whole will, it is apparent that it was the intention of the testator that the estate should vest in the beneficiaries immediately upon his death, the rule governing where there is merely a direction to divide at a future time must be subordinated to the primary canon of construction, which requires that the intent of the testator shall control. In re Crane, supra. The will now before us does not come

within either of these exceptions. There can be no pretense that the first applies, nor can there be found in the will any words evidencing that it was the intention of the testator that the estate should vest in the children of Mrs. Leach before her death. On the contrary, the only words which can be laid hold of are contained in the direction to pay over, distribute, and divide on the death of Kate E. Leach. It is the settled rule of construction that, where the intent to vest the estate at the death of the testator cannot be found in the "four corners of the will," the rule we have invoked shall apply. Goebel v. Wolf, 113 N. Y. 405, 21 N. E. 388; In re Baer, 147 N. Y. 348, 41 N. E. 702. The application of this rule to the case at bar leads to the conclusion that the estate of the children of Kate E. Leach is contingent, and can only vest in those who shall constitute the class at the date when distribution is to be made; and it follows that the attempt to vest in Mrs. Leach both the corpus of one-half of the trust estate and the income therefrom is void and of no effect, and she is not entitled to have distributed to her the said trust fund.

Our attention is called to In re Brown, 154 N. Y. 313, 48 N. E. 537; and it is urged that, because there are no words of substitution or representation in the will before us, it is brought within the rule applied in that case, and the effect would be the same as if the property had been disposed of unconverted. An examination of that case and of the other authorities cited upon this point shows this position to be wrong. In Re Brown, supra, the vesting of the estate in the children on the death of the testator was held because the whole will disclosed such to be the intent of the testator. The will there construed, in addition to the testamentary clauses, provided as follows:

"It being my intention and will that my said daughters shall have and enjoy absolutely for their own property during their lives, respectively, each, one-half of the whole income of my estate from the date of my decease, * * * and that the principal * * * be equally divided between the children of said daughters absolutely, for their own property, subject, however, to the above-provided life estate in the same. One half to the children of Mary W., and the other half to the children of Ella W."

Here was a clear declaration that the estates of the children should vest at the death of the testator, subject only to life estates, and the court well says, "How could they take subject to the outstanding life estates, if their estates were unvested and contingent?" The rule we have applied in this case was clearly recognized and upheld in that case, and we think it clearly appears from the reasoning of the court and the authorities discussed that, had it not been for this clause manifesting the intent and purpose of the testator as to the vesting of the estate, the rule here invoked would have been applied to that will. The will in Re Brown fell within both the exceptions noted. The postponement of payment was for the purpose of letting in an intermediate estate, and the will disclosed an intent that the estates of the children should vest at the death of the testator.

The only other question presented by the appeal is as to the allowance of commissions and costs. The surrogate has allowed full

commissions on both capital and income, taken as separate funds, and $70 as costs, each, to the executor and special guardian. It is claimed on the part of the appellant that these allowances were erroneously made. As to the commissions it is urged that the executor is entitled to only half commissions on what he has received, and the same on what he had paid and shall pay out pursuant to the decree. The theory upon which the allowance was made by the surrogate seems to have been that the executor is entitled to commissions in the dual capacity of executor and testamentary trustee. We are of the opinion that this basis for computing the commissions, is wrong. The rule is that unless the will contemplates a separation of the duties of executor and trustee, and fixes a point of time at which one function should end and the other begin, or there has been a judicial decree settling the final accounts of the executor as such, double commissions cannot be allowed. The will must not provide for the co-existence, continuously from the beginning, of the two functions and duties; and, where it does provide for separate and successive duties, that of trustee must be actually entered upon and its performance begun, either by real severance of the trust fund from the general assets, or a judicial decree which wholly discharges the executor, and leaves him acting and liable only as trustee. Johnson v. Lawrence, 95 N. Y. 154, 162; Laytin v. Davidson, Id. 263; Hurlburt v. Durant, 88 N. Y. 121, 126, 127. In this case the duties of the executor and trustee are co-existing, by the terms of the will, and they have so existed down to the time of this accounting. It may be said with some force that the point of time when the duties separated should be the time when the estate was converted into money, and the trust funds set apart from the general fund. But in this case there was no fund except the trust fund and the one legacy of $200, and no conversion of the estate has taken place. The executor has not executed the trust according to the terms of the will. Nor has any separation taken place by judicial decree. We think the appellant's point in this respect should be sustained, and the decree should be modified as to the allowance of commissions.

As to the allowances to the executor and special guardian for costs, we are of the opinion that they were properly made. It is the contention of the appellant that there was no contest in this case, within the meaning of the Code; that there has been no trial of an issue of fact, although such an issue was raised by the appellant's answer; that the term "contest," as used in the Code (section 2561), clearly relates to the trial of an issue of fact. It is true that the surrogate took no testimony in this proceeding; but issues were made by the filing of an answer by the appellant, and the surrogate regarded this as a contest, and treated the questions raised as questions of law, the facts being conceded. This seems to have been acquiesced in by all parties. No objection to such course seems to have been taken by the appellant, and we are of the opinion that it is too late to do so now. The allowance made was such as the surrogate is given the power to make in case of a contest, and we think the allowance, under the circumstances of this case, entirely proper.

It follows that the decree should be modified accordingly, and as modified affirmed, without costs of this appeal to either party. All concur.