## THALL et al. v. DREYFUS.

(Supreme Court, Appellate Division, Second Department. June 5, 1903.)

**1. WILLS—CONSTRUCTION—CONTINGENT REMAINDER.**

　　Where testatrix devised the residue of her estate in trust for the benefit of her three children, the income to be paid to them for life, and on the death of any one the income to go to the survivors, and on the death of two the trust to cease, and the whole of the estate to go to the survivor for his sole use and benefit forever, the remainder created by such devise was contingent, and not vested.

**2. SAME—MERGER OF ESTATES—STATUTES—CONSTRUCTION.**

　　1 Rev. St. (1st Ed.) p. 730, pt. 2, cl. 1, tit. 2, amended by Laws 1893, p. 939, c. 452, provides that, whenever a person beneficially interested in the income of a trust for the receipt of rents and profits shall or may be or become "entitled" in his own right to the remainder in the principal fund so left in trust, such person may convey or release to himself his interest in the income, and thereby terminate the estate of the trustee, and merge the trust in the estate in remainder. Held, that the word "entitled," as used in such statute, referred only to a person having a vested present interest in the remainder, which was free from the possibility of an ultimate defeasance.

**3. SAME.**

　　Testatrix devised certain real estate in trust to pay the income to her three designated children, and declared that on the death of two of them the trust should cease, and the entire estate should pass to the survivor, to his sole use and benefit forever. At death, testatrix left surviving her, as her heirs at law, such three children and a granddaughter not included in such devise. Held that, though it was testatrix's intention to vest a remainder at her death in the one survivor of the devisees, since such remainder might be defeated by a failure of survivorship, the trust could not be terminated and merged in the remainder, under 1 Rev. St. (1st Ed.) p. 730, pt. 2, cl. 1, tit. 2, § 63, as amended by Laws 1893, p. 939, c. 452, providing that one entitled to a remainder in a trust fund may release his interest in the trust, and thus become absolutely entitled to the remainder.

Submission of controversy between William J. Thall and others and Felix Dreyfus. Judgment for defendant.

Argued before BARTLETT, JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Jos. A. Burr, for plaintiffs.

Alexander H. Geismar, for defendant.

HIRSCHBERG, J.   The controversy is as to the title of certain real estate which the plaintiffs have contracted to sell to the defendant in fee simple, subject only to certain specified incumbrances.   The real estate was owned and possessed by the plaintiffs' mother, Jennie Thall, at the time of her death, February 12, 1902.   She left a will, which was duly proved and admitted to probate in the surrogate's court of Kings county, naming John Jenkins, Jr., and her son William J. Thall, as executors and trustees.   With the exception of a small bequest, having no bearing on the issue, she disposed of her property for the benefit of her three children, the plaintiffs, one of whom is the executor and trustee, as follows:

"I give, devise and bequeath all the rest, residue and remainder of my estate both real and personal unto John Jenkins, Junior, and my son William J. Thall, in trust nevertheless for the benefit of my children William J. Thall, Jennie Thall and Mamie S. Andresen, the income of said estate to be paid to them during their life; should either one of them die before the other then his or her share of my estate is to go to those surviving and upon the death of two of them then the said trust shall cease and the whole of my said estate is to go to the survivor for his or her sole own use and benefit forever.   The income however is to be paid to my said children share and share alike."

On September 4, 1902, the plaintiffs, as parties of the first part, by an instrument duly executed under seal, granted and released to W. Elmer Paynter, and to his heirs and assigns, for a valuable consideration—

"All the expectant estate, both real and personal, devised or bequeathed to the above-named parties of the first part or either of them by the last will and testament of Jennie Thall, deceased, together with the appurtenances, and all the estate and rights of the parties of the first part in and to the said real and personal property."

On the same day, but subsequently to the execution and delivery of this grant and release, W. Elmer Paynter, for a valuable consideration, by a like instrument, duly executed under seal and delivered, granted and released to the plaintiffs, and their heirs and assigns, all the said expectant estate, both real and personal, so devised and bequeathed, with the appurtenances, and all his estate and rights in and to the premises.   Thereafter and on the same day an instrument was duly executed and delivered under seal by the plaintiffs and by the executors and trustees—the former as the parties both of the first part and of the third part, and the latter as the parties of the second part—which provided, after a recital of the provisions of the will of Jennie Thall, that:

"Whereas the said William J. Thall, Jennie Thall and Mamie S. Andresen, the parties of the first and third part hereto, have acquired the estate in remainder to the whole of the principal fund held in trust for them subject to their beneficial estate therein, now in consideration of the premises and of the sum of one dollar to them in hand paid, the receipt whereof is hereby acknowledged, the said parties of the first part do hereby release unto themselves as parties of the third part hereto all the interest in the rents and profits of said estate, real and personal, devised or bequeathed by the said Jennie Thall to John Jenkins, Jr., and William J. Thall in trust for their benefit, with the intent and for the purpose of merging such trust estate

in such remainder, and the said parties of the second part hereto in consideration of the sum of one dollar to them in hand paid, the receipt whereof is hereby acknowledged, do hereby consent to such release and merger, and execute this instrument for the purpose of signifying and giving evidence of such consent."

The contract for the sale of the real estate in question was executed by the parties to this submission on or about September 13, 1902. The only persons who would answer the description of heirs at law and next of kin of Jennie Thall at the time of her death are her children, the plaintiffs, and a granddaughter, Olga Haight.

In Matter of Hogarty, 62 App. Div. 79, 70 N. Y. Supp. 839, the direction made by the testatrix was to pay over the income of a trust fund to her sister for life, and upon the latter's death to distribute and divide the principal among her children. The gift of the remainder was there held to be contingent, and not vested; and, as a consequence, an attempt somewhat similar to that made herein to vest in the life tenant both the corpus and the income of the trust estate was held to be void. I cannot see that the provisions of Mrs. Thall's will differ materially from those in which a direction to divide or pay over on the termination of a precedent trust estate has been held to create a contingent remainder. In that view, the deed to Paynter conveyed only a future contingent estate, and his deed to the plaintiffs only returned it to them. They could convey nothing which they did not have, and could receive nothing back which they had not conveyed. Conceding, however, that the intention of the testatrix was to vest the remainder at her death in the one survivor among the plaintiffs, it is apparent that the validity of the scheme which the plaintiffs have adopted to terminate the precedent trust estate, and to merge it in the remainder, depends upon the accuracy of their claim that the remainder, although contingent in the sense that it might be defeated by a failure of survivorship, nevertheless vested in interest at the death of the testatrix, so as to create an absolute and indefeasible title in some one, at least, of the three remaindermen, independently of the happening or the failure of survivorship. It is not enough, assuming it to be a fact, that futurity, under the authorities, may not be regarded as annexed to the substance of the gift in remainder. What has been said on that subject in most if not all of the numerous cases construing trusts created by will relates generally to the validity of testamentary provisions, and their effect upon the rights and interest of the parties before the court under the then existing conditions; and its application is not necessarily controlling in an action to compel specific performance, in which equity should protect a prospective purchaser from the consequence of the future divesting of a vested estate by the happening of an unlikely but possible event, which on its occurrence would serve to either defeat the estate altogether, or to let in a beneficiary who is not concluded by the contract of sale. Where the validity of a will with respect to the suspension of the power of alienation depends upon the vesting of interests, or where the nature and extent of the interests depend upon the determination of the class which is to take, the will may be held to be conformable to the statutes, and the rights of the class adjusted, even although the vesting is subject to be subsequently

defeated; but a very different question is presented where the defeat·
of the vesting of interest by some subsequent event operates to open
and let in beneficiaries, who may take, not under the will, but on
the theory of intestacy, and where the question before the court re-
lates to the absolute present and future title to the fund or estate.

Prior to the passage of chapter 452, p. 939, of the Laws of 1893,
it was provided by section 63 of the statute of uses and trusts (1
Rev. St. [1st Ed.] p. 730, pt. 2, c. 1, tit. 2) that "no person beneficially
interested in a trust for the receipt of the rents and profits of lands,
can assign or dispose of such interest." The act of 1893 amended
this section by adding a provision, in substance, to the effect that
whenever a person beneficially interested in the income of a trust
created for the receipt of the rents and profits of lands shall or ·may
be or become entitled in his own right to the remainder in the prin-
cipal fund so held in trust, it shall be lawful for such person to make
and execute a conveyance or release whereby such person shall convey
or release to himself all his right, title, and interest in and to the in-
come of such trust estate, and thereupon the estate of the trustee,
as to the principal fund so held in trust, shall cease and determine,
and the trust estate shall be and become forthwith merged in such
remainder. A similar provision is now embodied in section 83 of
the real property law (chapter 547, p. 572, Laws 1896) and in section
3 of the personal property law (chapter 417, p. 508, Laws 1897); the
language employed in each instance limiting the privilege of creating
the merger as in the act of 1893 to the case of a beneficiary in trust,
who is entitled to the remainder in whole or in part of the principal
fund. It was held by a divided court in Mills v. Mills, 50 App. Div.
221, 63 N. Y. Supp. 771, that the effect of the statute is not to limit
the right to create a merger by conveyance or release to a case where
the remainder has devolved upon the cestui que trust by operation
of law, but that it includes the case of the acquisition of the remainder
by purchase; and, following that decision, it might be easy, perhaps,
to hold that the plaintiffs are in position to create the contemplated
merger by virtue of the mesne conveyances to themselves. But the
difficulty I find in this case arises from the belief that the statute
is intended to apply only to an expectant estate, to which the remain-
derman is so far "entitled" that his title is perfect, beyond the possi-
bility of a future lessening or defeat; in other words, that the word
"entitled," in the statutes, refers not only to a right which is vested
in a present interest, but which is also free from the possibility of an
ultimate defeasance. The obvious purpose of the statutory innova-
tion is to merge titles or interests in which no other person has or
can have any claim in his own right, as distinguished from that of a
trustee; and, while it is unnecessary to decide that question, it might
possibly be held that a transaction which could be deemed sufficient
to defeat the estate of a trustee would nevertheless be regarded as
wholly inadequate to defeat the future estate of an heir at law or
next of kin who was not a party to the proceeding, and upon whose
expectant rights no statutory purpose of infringement is apparent.
Certainly a title so created is not one of the kind which a court of
equity should force upon an unwilling purchaser.

Under the will of Mrs. Thall, the survivor of the three plaintiffs, if any, undoubtedly takes an estate in remainder in all the property of which the testatrix died seised, subject to the precedent trust estate. The trust estate ends upon the happening of a certain event, viz., the death of two of the plaintiffs. But the remainder goes only to the survivor, and it is not only uncertain who the survivor will be, but it is uncertain whether there will be any survivor. However unlikely, it is by no means impossible that all will die at the same moment, or that one will die first and the others simultaneously thereafter. In either event suggested, the remainder would fail; and, while it is true that no one other than the plaintiffs can take in remainder under the will, it is not true that no one else can take the reversion by inheritance. It is no answer to the suggestion that the contingency of intestacy may thus arise to assert that it cannot arise in this case because by the conveyances and release in question the trust has already ceased during the lifetime of all the life tenants, and, of course, without a failure of survivorship. The argument of the learned counsel for the plaintiffs begs the whole question, by assuming a lawful termination of the trust estate as the basis of the contention that no future claim can arise on the part of the unrepresented heir at law, whereas the plain fact is that the possibility of the existence of such claim in the future is a clear and controlling reason for the assertion that as to such heir at law the trust estate is to be deemed still intact, at least for the purpose of determining whether the principal shall finally pass under the will, or by virtue of the statute of inheritance.

It follows that the defendant is entitled to judgment relieving him from the performance of the contract, but, under the terms of the submission, without costs. All concur.