dee did actually accept title under his purchase, although simultane-
ously therewith he parted with the actual legal title so accepted. As
was said in Tweedie v. Clark, supra:

"The purchase price of an article sold may be secured in either of two ways:
First, by a conditional sale, through which the title is reserved in the vendor
until the purchase price is paid; secondly, by a chattel mortgage given back
by the purchaser. While the object to be accomplished by either form of se-
curity is substantially the same, the rights of the parties under the two forms
of security are materially different."

It seems to me that it was the intention of the Legislature to provide
for equitable dealings between the parties when they chose to enter into
a contract of sale, whereby the purchase price was secured by the first
method; but the statute does not forbid the parties to secure the pur-
chase price by the second method, and is not applicable to a sale where
the parties agreed that the purchase price should be secured by a trans-
fer of title to the vendee, and a simultaneous execution of a chattel
mortgage, even though the legal effect of the chattel mortgage be the
immediate revesting of title in the vendor. The transfer of title to the
vendee under such circumstances is not a mere fiction, but is an act by
which each party has secured rights which could not have been secured
if title had not passed at least for a moment to the vendee.

These views are fortified by the recent decision of the Appellate
Term of the Second Department in the case of McMail v. Michaels,
147 N. Y. Supp. 516.

It follows that the judgment should be reversed, with costs, and the
complaint dismissed, with costs.. All concur.

---

(162 App. Div. 330)

### In re WOOLLEY.

### Appeal of VAN SICLEN.

(Supreme Court, Appellate Division, Second Department. May 8, 1914.)

1. TRUSTS (§ 311*)—ACCOUNTING—PAYMENTS.
    A payment of a tax not made directly by a trustee but by his attorney
    may be regarded as a payment by the trustee in proceedings for the set-
    tlement of his accounts.

    [Ed. Note.—For other cases, see Trusts, Cent. Dig. § 430; Dec. Dig. §
    311.*]

2. TRUSTS (§ 330*)—ACCOUNTING—COSTS.
    Costs on a settlement of the accounts of a trustee should be decreed as
    payable to the parties and not to their attorneys.

    [Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 491–493; Dec. Dig.
    § 330.*]

Appeal from Surrogate's Court, Queens County.

In the matter of the judicial settlement of the account of Daniel
S. Woolley, as trustee, etc., of William H. Van Siclen, deceased.
From a decree of the Surrogate's Court, Elizabeth W. Van Siclen,
individually and as trustee, appeals. Modified and affirmed.

---

*For other cases see same topic & § NUMBER-in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

I. Balch Louis, of New York City, for appellant.

Floyd Martin Sheffield, of New York City, for respondent Daniel S. Woolley.

George W. Reiff, of Brooklyn, for respondents Emma Sheffield, Eleanor Woolley, and Sarah Van Siclen.

PER CURIAM. The objections are to two items, one of $8.58 for certain petty disbursements sufficiently specified, and the other of $50 paid as the tax upon certain mortgages. The ground of the objections is that the items were "not properly chargeable against this estate at this time." There is nothing to indicate any basis for this objection as to the first item of $8.58.

[1] The avowed ground of the objection as to the second item is that it appears the $50 was paid, not directly by the trustee, but by his attorneys. We think it may be regarded as a payment by the trustee.

[2] The costs should be cut down. The item of $70 awarded as costs where there is a contest should be reduced to $25. Matter of Hogarty, 62 App. Div. 79, 87, 70 N. Y. Supp. 839. The item of $40 for preparing the account, and the item of $20 for preparing for the hearing, should each be reduced one-half, and the costs should be decreed as payable to the trustee, not to his attorneys. Matter of Wright, 121 App. Div. 581, 106 N. Y. Supp. 369.

The decree is modified as indicated in this opinion, and as so modified is affirmed, without costs.