In the Matter of the Accounting of CHARLES D. JOHNSON et al., Respondents, as Executors of and Trustees under the Will of CARLTON H. ROGERS, Deceased; CLARA H. RADCLIFFE et al., Appellants.

TESTAMENTARY TRUSTEES — COMMISSIONS OF, WHEN SAME PERSONS ARE TRUSTEES OF SEVERAL DISTINCT TRUSTS. Although each of three executors and trustees of an estate, the value of which amounted to over $1,0,000 over all the debts of decedent, are entitled to full commissions under section 2730 of the Code of Civil Procedure, they are not each entitled as trustee to one-half of full commissions upon the principal of trusts created for the benefit of certain *cestuis que trust* for receiving the same as trustees from themselves as executors; nor to full commissions upon the amount of each year's income received and paid out by them under each of the trusts held by them, where none of such trusts amounted to $100,000; but only to one-third of such commissions, since trustees come within range of the statute allowing commissions to executors (Code Civ. Pro. §§ 2730, 2810), and each trust constitutes an estate by itself; the basis upon which their commissions should be computed is the value of the property and income of each trust, separately .considered, without reference to the property of the other trusts, or that of the original estate from which they sprang; the statute does not mean that the value of the original estate should follow each of the trusts springing therefrom, but that each of the latter should stand by itself and the commissions of the trustees thereof be allowed according to the value of the assets belonging exclusively thereto.
*Matter of Johnson*, 57 App. Div. 494, modified.

(Argued February 24, 1902; decided March 4, 1902.)

APPEAL from certain portions of an order of the Appellate Division of the Supreme Court in the fourth judicial department, made January 8, 1901, which modified and affirmed as modified a decree of the Wayne County Surrogate's Court judicially settling the accounts of the respondents herein as executors of and trustees under the will of Carlton H. Rogers, deceased.

On the 18th of August, 1884, Carlton H. Rogers, a resident of the village of Palmyra, died leaving him surviving a married daughter and her three sons, who were then infants, but are now of age. These four persons are the appellants in this

proceeding, while the respondents are the executors of the will of Mr. Rogers, whereby he created five trusts. The first, $20,000 in amount, was for the benefit of two widowed aunts, as long as they, or either of them, should live. The second, $50,000 in amount, was for the benefit of his daughter during her life. The third, fourth and fifth were for the benefit of his three grandsons, and embraced the residuum of his estate, after payment of debts and specific legacies, and included the remainder left upon the falling in of the lives upon which the first and second trusts were founded. The gross principal of his estate amounted to about $250,000, but after the payment of debts, specific legacies and the expenses of administration the remainder was less than $200,000. The gross amount of income from the entire estate, all the trusts included, was less than $100,000 at the time of the accounting which was initiated by this proceeding. The surrogate awarded to each of the respondents, as executors, full commissions upon the principal of the estate. He also awarded to each of the respondents, as trustees, one-half of full commissions upon the principal of the sums held in trust for the benefit of the aunts and the daughter, for receiving the same as trustees from themselves as executors. He further gave to each of the respondents, as trustees, full commissions upon the amount of each year's income received and paid out by them under each of the five trusts, and held that each, as such, would be entitled to commissions upon the amount of income received and disbursed during each year from and after the date of the accounting upon each of the four existing trust estates, that in favor of the aunts having terminated. He reserved the allowance of commissions upon assets supposed to be worthless and upon the principal of the remaining trust estates until the termination of the trusts respectively, but held that each trustee would then be entitled to the same amount of commissions as if he were sole trustee.

The beneficiaries of the trusts still in force appealed to the Appellate Division from portions of the decree, including the provisions which fixed the amount of commissions allowed and

the rate of those to be hereafter allowed.   The decree of the surrogate was modified upon the decision of said appeal in one particular, which is not now material, and the beneficiaries appealed to this court.

*William W. Mumford, Alexander T. Gillender* and *Ezekiel Fixman* for appellants.   The surrogate had no jurisdiction or power to award commissions to the respondents as trustees. (Code Civ. Pro. § 2516; *Belden* v. *Wilkinson,* 33 Misc. Rep. 659; *Austin* v. *Munro,* 47 N. Y. 360.)   The awarding of trustees' commissions in this proceeding was contrary to law and the practice of the court and was erroneous. (*McAlpine* v. *Potter,* 126 N. Y. 285; *Matter of Mason,* 98 N. Y. 527; *Laytin* v. *Davidson,* 95 N. Y. 263; *Phœnix* v. *Livingston,* 101 N. Y. 451; *Johnson* v. *Lawrence,* 95 N. Y. 154; *Hall* v. *Hall,* 78 N. Y. 535; *Matter of Reed,* 45 App. Div. 196; *Matter of Tucker,* 29 Misc. Rep. 728; *Matter of Willets,* 112 N. Y. 289; *Matter of Underhill,* 35 App. Div. 434.)   Each of the five separate trusts directed by the surrogate to be turned over by the executors to themselves as trustees amounted to less than $100,000.   There should, therefore, be only one commission to ·be computed on the amount of each trust and to be divided among all the trustees, instead of three separate commissions, each computed on the amount of each of the five trusts, one to each trustee, as in the case of estates of over $100,000.   (*Meacham* v. *Sternes,* 9 Paige, 398; *Clute* v. *Gould,* 28 Hun, 348; *Matter of Howe,* 112 N. Y. 100; *Matter of Hoffman,* 143 N. Y. 327; *Matter of Willets,* 112 N. Y. 289.)   The respondents are not entitled to any commissions as trustees upon either the principal or income of either the $50,000 fund or the $20,000 fund. (*Matter of Underhill,* 35 App. Div. 434; *Johnson* v. *Lawrence,* 95 N. Y. 154; *Matter of Hood,* 104 N. Y. 103; *Matter of Irwin,* 29 Misc. Rep. 266; *Schenck* v. *Dart,* 22 N. Y. 420; *Remington* v. *Walker,* 99 N. Y. 626.)

*Pliny T. Sexton* for respondents.   The appellants waived all questions of jurisdiction by appearing in the proceedings

and contesting upon the merits the accounts which the respondents rendered as trustees both in name and fact. (*Matter of Macauley*, 27 Hun, 577; *Woodruff* v. *Austin*, 16 Misc. Rep. 543; *Reed* v. *Chilson*, 142 N. Y. 152.) The surrogate had jurisdiction over both parties and subject-matter. (*Whitney* v. *Phœnix*, 4 Redf. 180; *Matter of Curtis*, 9 App. Div. 290.) The appellants' contentions, that the respondents had not become trustees when they accounted, because they had not set up the trusts created by the will; and that they had not set up the trusts, because the trust funds were held in joint investments, are untenable. (*Blake* v. *Blake*, 30 Hun, 471; *Foote* v. *Bruggerhof*, 66 Hun, 420; *Vanderpoel* v. *Loew*, 112 N. Y. 180; *Schermerhorn* v. *Cotting*, 131 N. Y. 61; *Laytin* v. *Davidson*, 95 N. Y. 263; *Clute* v. *Gould*, 28 Hun, 350.) The appellants' claim, that respondents could not have commissions as trustees until they had accounted as such, and could not become trustees nor account in that capacity until they had first accounted and also been discharged as executors, cannot be sustained. (*Cline* v. *Sherman*, 78 Hun, 298; Code Civ. Pro. § 2514; *Matter of Mason*, 98 N. Y. 527; *Hulburt* v. *Durant*, 88 N. Y. 122; *Matter of Underhill*, 35 App. Div. 436; *Matter of Reed*, 45 App. Div. 196; *Laytin* v. *Davidson*, 95 N. Y. 266; *Matter of Beard*, 77 Hun, 115; *Hancox* v. *Meeker*, 95 N. Y. 539; *Rogers* v. *Laytin*, 71 N. Y. 642; *Matter of Prentice*, 25 N. Y. 213.)

Vann, J. We unite with the learned courts below in the conclusion that the respondents, as executors and trustees, managed the estate intrusted to their care with honesty, diligence and prudence. By their skill and foresight the scattered and doubtful securities were converted into safe investments, and, owing to their judicious administration, an estate which might have dwindled through hasty or imprudent action became large and flourishing. The order appealed from, in so far as it left undisturbed the acts of the respondents during their long period of service as executors and trustees, should be affirmed, but the action of the surrogate in the allowance

of commissions was founded upon an erroneous view of the law and requires some modification.

When the respondents had discharged their duties as executors and had turned over the remaining assets to themselves as trustees of the several trusts, they ceased to administer the affairs of a single large estate and entered upon the management of five comparatively small trusts. As executors they were each entitled to full commissions, because " the value of the personal property of the decedent   *   *   *   over all his debts " amounted " to one hundred thousand dollars, or more." (Code Civ. Pro. § 2730.) The property, however, constructively assigned to each trust, even when increased by the aggregate income received therefrom at the date of the accounting, amounted to less than that sum. Each trust was an estate by itself, which might have been under the control of separate trustees, and the basis upon which commissions should be computed is the value of the property and income of each trust, separately considered, without reference to the property of the other trusts, or that of the original estate from which all the trusts sprang. In other words, so far as the subject of commissions is concerned, each trust to be considered as if it were the only one in charge of the respondents as trustees.

The fact that the nature of the estate, owing to the uncertain value of the western mortgages, of which it was largely composed, made it unsafe to at once finally devote specific securities to each trust, did not increase the value of the proportion which, both by operation of law and the action of the respondents, belonged to each. The controlling fact, with reference to the allowance of full or only one-third commissions to each of the trustees, is that the estate of each trust did not amount to one hundred thousand dollars, for trustees come within range of the statute allowing commissions to executors and administrators. (Code Civ. Pro. §§ 2730, 2810.)

A statute should be construed, sometimes literally and sometimes liberally, but always reasonably. If there is no reason for reading the statute otherwise than literally, that

should be done, but if, under all the circumstances, a liberal construction is the more reasonable, that should be adopted. The practical working of a statute has an important bearing, "for the legislature is presumed to have intended to do justice, unless its language compels the opposite conclusion." (*People ex rel. Beaman* v. *Feitner*, 168 N. Y. 360, 366.) While in this case the same trustees were appointed for each of the trusts, that does not affect the meaning of the statute, which would be the same if different trustees had been selected for each trust. If each of the five trusts had had three trustees, no one of whom was a trustee of any of the other four, the literal construction contended for by the respondents would entitle each of the entire fifteen trustees to full commissions, simply because the parent estate exceeded one hundred thousand dollars in value. That would be a heavier burden than the spirit of the statute permits, for it would rest upon an accident and not upon the risk and anxiety of caring for a large estate. That responsibility was assumed by the respondents, as executors, and compensation has been awarded to them accordingly. They did not, however, assume such a responsibility as trustees, for each trust was limited in amount and the risk was limited accordingly. They are entitled to the large percentages which apply to the first eleven thousand dollars of an estate, but if the different estates should be aggregated for the purpose of computing commissions, they would receive not only the full commission payable when the estate is more than one hundred thousand dollars, but in addition thereto the increased percentage multiplied by five. (Code Civ. Pro. § 2730.) These illustrations, which might be multiplied, show that the construction contended for is unreasonable. The statute, when reasonably construed, does not mean that the value of the original estate should follow each of the separate trust estates springing therefrom, but that each of the latter should stand by itself and the commissions to the trustees thereof should be allowed according to the value of the assets belonging exclusively thereto. Hence, each of the respondents, as trustee, was not

entitled to full commissions, but only to one-third thereof, and the order appealed from should be modified accordingly, and as modified affirmed, with costs to all parties, appearing by separate attorneys, payable out of the income and chargeable in equal amounts to each of the four appellants.  The order, if not agreed upon by the parties, may be settled by VANN, J., on a notice of five days.

PARKER, Ch. J., BARTLETT, HAIGHT, MARTIN, CULLEN and WERNER, JJ., concur.

Ordered accordingly.