---

(70 App. Div. 5.)

### In re UNION TRUST CO. OF NEW YORK.

(Supreme Court, Appellate Division, First Department. March 7, 1902.)

1. WILLS—CONSTRUCTION—TESTAMENTARY TRUSTEE—EXECUTOR — DOUBLE CAPACITY—DOUBLE COMMISSIONS.

A testator, after directing that his executor should pay his debts, etc., bequeathed all his property thereafter remaining to such executor "upon trust," for the education, etc., of the children of testator's sister, during their minority, and further directed that as such children reached majority the executor should pay each an equal portion of the capital of the estate and accumulated interest. *Held*, that the will imposed upon the executor the double duties of executor and trustee; as executor, to collect assets, pay debts, and distribute, and as trustee to apply the income of the estate as directed in the will; and hence the executor, in addition to the commissions received by him as executor, was entitled to receive commissions as trustee from the time when his duties as executor ceased.

2. SAME—DECREE SEVERING DOUBLE CAPACITY—MISTAKE IN DECREE.

A decree having been entered discharging the executor as such, and directing the property to be turned over to such executor "as trustee," and having never been set aside or appealed from, the court had no power to disregard this formal severance of the double capacity in which the executor had theretofore served, and to refuse to allow such executor commissions as trustee, upon the ground that the words "as trustee" had been inserted in the decree by mistake.

Appeal from surrogate's court, New York county.

Proceedings for the settlement of the account of the Union Trust Company of New York as trustee of the estate of George P. Lawrence. From so much of the decree as refused to allow commissions

to the trust company as trustee (71 N. Y. Supp. 844), it appeals. Reversed.

This proceeding was brought to settle the account of the appellant, the Union Trust Company of New York, as trustee of the estate of George P. Lawrence, who died December 15, 1891, leaving a will and codicil thereto, which were duly probated in New York county on or about February 26, 1892. The provisions of the will bearing on the questions involved are as follows: "First. I direct that all my just debts, funeral and testamentary expenses be paid by my executor hereinafter named as soon as may be after my decease. Second. All the rest, residue, and remainder of my property, estate, and effects, of whatsoever name, nature, or kind, and wheresoever situate, I give, devise, and bequeath to my executor, hereinafter named, to have and to hold the same upon trust, with authority to manage and invest the same, and to keep the same invested in bonds and securities of the United States, or of the state of New York, or of the city and county of New York, or upon good first-mortgage railroad bonds, or upon bonds secured by mortgages on unincumbered and improved real estate in the cities of New York or Brooklyn, and to collect the interest and income and apply so much thereof as my sister, Minnie H. Craufurd, of Norwalk, in the state of Connecticut, may require for the support, education, and maintenance of her children, during the terms of their minority; and, in the event of the death of my said sister, so much of said interest or income as my executor for the time being shall deem fit and proper for such support, education, and maintenance of my said sister's children during their minority; and as each of such children comes of age I direct my said executor to pay over to such child an equal proportion of the capital and accumulated interest unexpended at that time. In case any child shall die before reaching full age, his or her share shall go to increase the shares of the surviving brothers and sisters." "Fourth. I hereby nominate, constitute, and appoint Francis F. Marbury, of the city of New York, counselor at law, to be the sole executor of and trustee under this my last will and testament, and I hereby declare that in no event shall he be required to give bonds or security, in this state or elsewhere, as such executor. In case of the death of the said Francis F. Marbury, or of his declining or failing to qualify and act as my executor, then I hereby nominate and appoint the Union Trust Company of the City of New York to be the executor of and trustee under this my last will and testament, in place of the said Francis F. Marbury, with all the powers, rights, and duties hereinbefore conferred upon him, and without requiring any bonds or security from said Union Trust Company, in this state or elsewhere." Upon the probate of the will, Francis F. Marbury qualified as executor thereunder, and collected and distributed the income from the estate down to his death in March, 1895. His wife, who was his executrix, then transferred the estate to the Union Trust Company, since which time it has collected and distributed the income and managed the business of the estate. Mrs. Marbury, in June, 1897, accounted as executrix of the deceased executor Francis F. Marbury, and her claim for commissions as trustee in addition to those as executor was disallowed. From 1895 until September, 1900, the Union Trust Company continued in the management of the estate, and in that month filed an account as executor, and thereafter a decree was entered, September 8, 1900, by which it was adjudgd that "said executor pay and deliver to the Union Trust Company, as trustee, * * * the balance of the said estate remaining in its hands." Upon one of the beneficiaries arriving at majority, the trust company, in 1901, initiated this proceeding by petition, filing a new account and claiming commissions as trustee. This claim was disallowed by the surrogate, and it is from that portion of the decree that the trust company appeals.

Argued before VAN BRUNT, P. J., and HATCH, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Hoffman Miller, for appellant.
Edwin C. Ward, for respondent L. Craufurd.
Wm. B. McNiece, for respondent R. B. Craufurd.

O'BRIEN, J. The question here involved is whether the appellant, the Union Trust Company, is entitled to commissions as trustee, having already received full commissions as executor. As formulated in McAlpine v. Potter, 126 N. Y. 289, 27 N. E. 475, "the principal question which is presented by this appeal is whether the commissions to be allowed are to be governed by the doctrine of Johnson v. Lawrence, 95 N. Y. 154, or Laytin v. Davidson, Id. 263." This requires that we should examine those authorities and apply them to the case at bar.

In Johnson v. Lawrence, it was said:

"Taking the adjudged cases together, they appear to establish that, to entitle the same persons to commissions as executors and as trustees, the will must provide, either by express terms or by fair intendment, for the separation of the two functions and duties, one duty to precede the other and to be performed before the latter is begun, or substantially so performed; and must not provide for the coexistence, continuously and from the beginning, of the two functions and duties; and that, where the will does so provide for the separate and successive duties, that of trustee must be actually entered upon and its performance begun, either by a real severance of the trust fund from the general assets, or a judicial decree which wholly discharged the executor and leaves him acting and liable only as trustee."

Applying this rule to the will under consideration, it was held that the two functions of executor and trustee coexisted from the death of the testator and the issue of letters testamentary until the final discharge of the plaintiff, and were inseparably blended, so that double commissions were not allowed.

In Laytin v. Davidson, supra, it was held that the will there in question contemplated a time when the duties of the executor as such should cease, and they should assume the character exclusively of trustees; and that, while the decree of settlement of their accounts did not in terms discharge the executors, that was its legal effect, and as trustees they were entitled to the commissions claimed, though they had not made an actual division of the trust fund into shares, as directed. This latter case is also authority for the proposition that it makes no difference, upon the question of the right to commissions, whether it is the same person or different persons who act in the capacity of executor and trustee.

The solution of the question, therefore, is to be found in the terms of the will, as to whether, in addition to the ordinary duties of administering the estate as executor, there is a point of time when such duties cease, and the same or different persons are by direction of the will to manage the estate as trustees. The distinction between the two cases referred to consists in the fact that in Johnson v. Lawrence the plaintiffs, as they were required under the will to carry on the business of the estate, and directed not to reduce the estate for the purpose of division until a certain time, acted throughout as executors, while in Laytin v. Davidson, after such time had arrived and the duties of executors had been performed, there remained the necessity for the persons named continuing in charge of the estate as trustees. To determine in what capacity one acts, it is important to keep in view what ordinarily are the duties of an executor. They are similar to

those which in the event of intestacy would devolve upon an administrator. That is to say, in either capacity the duties are to administer upon the estate by collecting and reducing to possession the assets of the estate, and, after paying debts, to have the balance in hand for distribution. It is only at this point that a distinction arises, which is that an executor makes distribution under the will and an administrator under the law. The duties of an executor and those of a trustee are well defined in Drake v. Price, 5 N. Y. 430, as follows:

"To take possession of all the goods and chattels and other assets of the testator, to collect the outstanding debts and sell the goods and chattels, so far as is necessary to the payment of the debts and legacies; to pay the debts and legacies, and under the order of the surrogate to distribute the surplus to the widow and children, or next of kin of the deceased. These acts embrace all the duties which appropriately belong to the executorial office. If any other duty is imposed upon the executor, or any power conferred, not appertaining to the duties above enumerated, a trust, or trust power, is created, and the executor becomes a trustee, or the donee of a trust power. And such powers are conferred and such duties imposed upon him, not as.incidents to his office of executor, but as belonging to an entirely distinct character,—that of trustee. And in all such cases the trust and executorship are distinguishable and separate."

In the case at bar we think the will imposed on the trust company duties other than those appertaining to an executorship, assuming—what in our view is implied—that upon the completion of the executorial duties the duties of trustee were to commence, for it will be noted in this connection that the trust created is of the residuary estate, which can be ascertained only after the completion of the work of the executor. Ordinarily the duties devolving upon an executor include, as stated, paying debts and legacies, and collecting and reducing to possession the assets of the estate. Those duties usually are completed within the year or eighteen months which the law allows for such purpose, unless, under the terms of the will, something remains to be done other than to then distribute the estate. Such duties are purely executorial. Where, however, in addition to the ordinary offices of administering upon the estate, there is a provision in the will that after a period fixed the property is to be held in trust, whether by the same or other persons, there then devolves upon such persons the duties of the trustee.

Another test to apply as to the capacity in which one holds is, upon whom, if the person acting were to die or resign, would the power of appointment of a successor devolve? In case of a trustee it would, under the statute, devolve upon the supreme court. Applying that test here, it is evident that, should the trust company resign, the supreme court would appoint its successor, for the duties are such that they should be performed by a trustee.

Referring again to the will before us, it will be noted that the person named is directed, first, to pay the debts, funeral and testamentary expenses; and these acts are to be performed, in the language of the testator, "by my executor hereinafter named as soon as may be after my decease." Although not expressly stated, the duty also devolved upon such executor to reduce the estate to possession, to advertise for claims against the estate, and, within the time prescribed by law, to discharge all purely executorial functions.

It is only when this work was completed that the residue of the estate, which thereafter was to be managed for certain purposes, could be determined. "All the rest, residue and remainder," is, by the second paragraph of the will, given to the same person to hold "upon trust" for certain of the children of the testator's sister, he to pay over so much of the income thereof as he may think proper for their support, education, and maintenance during their minority, and their share of the principal and accumulated interest when they arrived at full age. The trust so created is one of the express trusts allowed by law; and no argument is needed to sustain the proposition that a person who is thus required to carry out its clearly defined terms is a trustee. Under this will, therefore, we think double duties were imposed—First those of executor, and then, after the period of administration as such had passed, those of trustee.

Although it is claimed that the part of the decree of September 8, 1900, which directed the estate to be delivered to the Union Trust Company "as trustee," was inserted through inadvertence, the fact is that such a provision remains therein, and the decree has never been set aside or appealed from, and for that reason was just as binding upon the learned surrogate as it is upon us. In all the cases, including the one on which most reliance has been placed, of Johnson v. Lawrence, supra, it will be seen that one of the controlling features in the determination of the question of double commissions has been whether, to use the language of the opinion in that case, there was "a judicial decree which wholly discharged the executor and leaves him acting and liable only as trustee." That surely was the condition here, because the trust company had been discharged as executor, and the property had been turned over to it as trustee; and when this proceeding was commenced, it was by the trust company "as trustee." We think, then, that it was beyond the power of the learned surrogate to disregard that decree, so long as it remained a valid and binding adjudication upon the question of the status of the trust company.

Our conclusion is that the decree so far as appealed from must be reversed, and the decree modified by directing the payment to the accounting trustee of commissions on such portion of the corpus of the estate as is payable to Lawrence Craufurd, with costs to appellant out of such portion. All concur.