In the Matter of the Accounting of KATHARINE T. MARTIN et al., as Executors of MARY J. MARTIN, Deceased, Appellants.

CAROLINE M. ROBINSON et al., Respondents.

Decedent's estate — when executors, also acting as trustees, are only entitled to one full commission upon moneys collected and paid out — waiver by beneficiaries.

Where as to the corpus of an estate the executorial and trust duties devolved upon the same persons are so blended as to render them practically incapable of separation, such persons are only entitled to one full commission upon the sums collected and paid out by them.

Where, however, beneficiaries have consented in writing to an informal accounting and acquiesced in a decree which granted to each of the executors and trustees full commissions in each capacity, they are bound thereby.

Where trustees receive income and make annual payments thereof to the parties entitled thereto, but do not render an account of such collections and payments to the Surrogate's Court, they are entitled to have their commissions upon the income paid out by them computed on the basis of annual rests.

*Matter of Martin*, 133 App. Div. 893, modified.

(Argued November 10, 1909 ; decided November 23, 1909.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered June 18, 1909, which affirmed a decree of the New York County Surrogate's Court settling the accounts of the executors herein.

The facts, so far as material, are stated in the opinion.

*Henry H. Man* and *Hubert E. Rogers* for appellants. It was error to refuse the appellants as trustees commissions upon capital in addition to those awarded to them as executors. (*Olcott* v. *Baldwin*, 190 N. Y. 99 ; *Hurlburt* v. *Durant*, 88 N. Y. 121; *Matter of Mason*, 98 N. Y. 527; *Matter of Babcock*, 52 Hun, 510 ; *Matter of Beard*, 77 Hun, 111; *Laytin* v. *Davidson*, 95 N. Y. 263 ; *Johnson* v. *Lawrence*, 95 N. Y. 154 ; *Matter of Curtiss*, 9 App. Div. 285 ; *Matter of Willets*, 112 N. Y. 289 ; *McAlpine* v. *Potter*, 126 N. Y. 285 ; *Matter of Johnson*, 57 App. Div. 494 ; *Matter of Union Trust Co.*, 70 App. Div. 5 ; *Jewett* v. *Schmidt*, 83 App. Div. 276.) It was error to surcharge the account of the appellants with the commissions upon income retained by them annually. (*Hancox* v. *Meeker*, 95 N. Y. 528 ; *Matter of Mason*, 98 N. Y. 527; *Spencer* v. *Spencer*, 38 App. Div. 403 ; *Olcott* v. *Baldwin*, 190 N. Y. 99 ; *Naylor* v. *Gale*, 73 Hun, 53; *Matter of Hunt*, 41 Misc. Rep. 72 ; *Savage* v. *Sherman*, 87 N. Y. 283.) It was error to modify the decree in favor of parties who had not appealed. (*St. John* v. *Andrews Inst.*, 192 N. Y. 382; *Rowland* v. *Morgan*, 3 Dem. 289.)

*Charles De Hart Brower* and *Seth B. Robinson* for Caroline M. Robinson, respondent. The surcharging of the account with the whole amount of the commissions wrongfully taken by the executors and sought by them to be allowed in their account as an item of credit was correct. (*Belden* v. *Andrews*, 14 App. Div. 630 ; *Altman* v. *Hofeller*, 152 N. Y. 498 ; *Matter of Chapman*, 162 N. Y. 456.) The Appellate Division in their decision were correct in holding that the will

herein does not contemplate the severance of the trust and executorial duties as to the residuary estate. (*Matter of Union Trust Co.*, 70 App. Div. 5; *McAlpine* v. *Potter*, 126 N. Y. 285; *Matter of Slocum*, 169 N. Y. 153.) In order to entitle one to double commissions as executor and as trustee it must be shown that the will contemplated a period of time when the duties of the executor as such should end and he should assume the character exclusively of trustee and also that the duties of the executor have actually ceased and the duties of trustee been assumed. (*Laytin* v. *Davidson*, 95 N. Y. 263; *Johnson* v. *Lawrence*, 95 N. Y. 154; *Matter of Slocum*, 169 N. Y. 153; *Matter of Hunt*, 121 App. Div. 96; *Matter of Reed*, 45 App. Div. 196; *McAlpine* v. *Potter*, 126 N. Y. 285.)

*Robert F. Greacen* for Katharine T. Martin, as administratrix of John O. Martin, deceased.

WERNER, J. The questions raised by this appeal relate wholly to the claim of the appellants to double commissions as executors and trustees under the will of Mary J. Martin, deceased. The appellants were named in said will as " executors and trustees " and they each claim to be entitled to one full commission in both capacities. Without going into the details of the various provisions of the will upon which they rely to support their contention, we deem it sufficient to say that we think this will falls within the general classification exemplified in *McAlpine* v. *Potter* (126 N. Y. 285) and not within the opposing class represented by *Olcott* v. *Baldwin* (190 N. Y. 99). As to the corpus of the estate the executorial and trust duties of the appellants were so blended as to render them practically incapable of separation, and this is fairly evidenced by the acts of the appellants in administering the estate. Under this general statement as to our construction of the will, the decision of the Appellate Division as to commissions would be entirely correct, if it were not for special circumstances which take the case out of the ordinary rule. The recital of a few facts will indicate the

27

points upon which our views are at variance with those expressed by the learned Appellate Division.

The testatrix died in July, 1896, leaving six daughters and one son, who were the only beneficiaries under her will. The appellants entered upon the performance of their duties as executors and trustees and continued until 1901, when they were prepared to make and file an account down to December 31st, 1900. For several reasons they had been requested, by some of the parties in interest, not to file a formal account in the Surrogate's Court. For the purpose of ascertaining the wishes of all the beneficiaries, the appellants mailed to each of them a letter expressing a willingness to refrain from filing an account in the Surrogate's Court, if by the consent of all concerned the appellants could be assured of legal protection and of the right to their legal commissions. To this end the appellants submitted to the beneficiaries a proposed decree, to the entry of which they all consented in writing, except the respondent Robinson and Katharine T. Martin ; the signature of the latter being unnecessary, as she was one of the accounting parties. The respondent Robinson acquiesced in the plan for the informal accounting and approved the account, but declined to sign the consent for the entry of the decree upon the sole ground that she objected to the amount of the commissions claimed by the executors and trustees, and desired to have that question held open for disposition by the surrogate when a final accounting should be made. Thus the situation remained until 1907, when the surrogate made the original decree herein. That decree provided for one full commission to each of the appellants herein on the amount which they received and paid out as executors, and another full commission on the amount which they received and paid out as trustees. Their account was also credited with the sums which each had retained as commissions on the income which, from time to time, had been paid to the several beneficiaries. From the decision thus made by the surrogate the respondent Robinson appealed to the Appellate Division, where the decree of the surrogate was modified upon the

ground that, under this will, the executorial and trust duties were so blended as to bring the case within the rule laid down in *McAlpine* v. *Potter* (*supra*), where it was held that the personal representatives of the decedent were only entitled to single commissions. The order of the Appellate Division modified the surrogate's decree by directing a recomputation of the commissions upon that basis by the parties if they were able to agree, and, in case of their failure to do so, that the matter be remitted to the Surrogate's Court for further procedure in conformity with the opinion. The parties did not agree upon the recomputation. Thereupon the matter was taken back to the Surrogate's Court, where the figures were recomputed in accordance with the opinion of the Appellate Division. From the decision of the Surrogate's Court then made the executors and trustees took an appeal to the Appellate Division, where there was an unanimous affirmance, and the executors and trustees have now appealed to this court. In the light of these facts, the two questions which we are called upon to decide may very briefly be stated and disposed of.

1. We agree with the learned Appellate Division in the construction to be placed on the will herein, and also in the conclusion that under ordinary circumstances each of the executors and trustees herein would only be entitled to one full commission as executors upon the corpus of the estate collected and paid out. We think, however, that the six beneficiaries who expressly consented in writing to the informal accounting in 1901, and who acquiesced in the original decree, are bound by their acts. (*Hurlburt* v. *Durant*, 88 N. Y. 121 ; *Hancox* v. *Meeker*, 95 N. Y. 528.) That decree granted to each of the executors and trustees full commissions in each capacity. Six of the beneficiaries filed no objections thereto and took no appeal therefrom. Under these circumstances they must abide by the original decree. A different situation exists as to the respondent Robinson who refused to consent to the commissions claimed by the executors, and later took an appeal from the surrogate's decree

allowing them. She is entitled to have the appellants' commissions upon her share of principal of the estate fixed according to the decree of the surrogate which was made in obedience to the directions of the Appellate Division upon the former appeal. (*St. John* v. *Andrews Institute*, 192 N. Y. 382.) In other words, as against her share, only one full commission should be awarded upon the gross amount of principal and income to each of the appellants; and the commissions on her share of the income should be computed upon the basis hereinafter indicated.

The appellants' commissions on the two separate trust funds provided for by the will, viz., one of $50,000 and the other consisting of a one-seventh part of the residuary estate, seem to have been fixed by the original decree, and no question in regard thereto is before us on this appeal. As to such commissions, of course, there is no occasion for change in the decree of the courts below.

2. The second question is as to the method of computing commissions on income received and paid out by the appellants as trustees after the informal accounting in 1901. It appears that they collected the income and made annual payments thereof to the parties entitled thereto, but did not render an account of such collections and payments to the Surrogate's Court. Under the last decree of the surrogate made pursuant to the direction of the Appellate Division, the commission on income thus collected and paid out was based upon the total of income, rather than upon each year's income stated separately. We think that the appellants are entitled to have their commissions upon the income paid out as trustees, after the informal accounting of 1901, computed on the basis of annual rests as against all the beneficiaries, including the respondent Robinson. (*Hancox* v. *Meeker, supra ; Matter of Mason*, 98 N. Y. 527, 535 ; *Olcott* v. *Baldwin, supra.*)

The order of the Appellate Division should, therefore, be modified in accordance with the foregoing views, and as modified affirmed, without costs to either party. If, however, the parties cannot agree upon a recomputation of the figures

within twenty days after the date of this decision, the decree of the surrogate and the order of the Appellate Division should be reversed and the proceedings remitted to the Surrogate's Court for such further proceedings as may be necessary to carry this decision into effect.

CULLEN, Ch. J., HAIGHT, VANN, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur.

Ordered accordingly.