In the Matter of the Estate of NATHAN ABRAHAMS, Deceased.

Surrogate's Court, Kings County, April 7, 1930.

*Moses & Singer,* for the petitioner.

*Donald C. Strachan,* special guardian for Sylvia Abrahams and Abraham J. Abrahams, infants.

WINGATE, S. The case at bar presents the perennially controversial question of whether a testamentary representative is entitled to receive double commissions, that is commissions both as executor and as trustee, or whether the terms of the will as construed in the light of the determining decisions on the topic, limit him to a single compensation in his executorial capacity.

The statement of the legal principles governing this branch of the law is extremely simple, but the application of these rules has been a never-ceasing source of controversy and litigation.

The leading cases on the topic are *Johnson* v. *Lawrence* (95 N. Y. 154), decided by the Court of Appeals on February 26, 1884, and *Laytin* v. *Davidson* (95 id. 263), in which the opinion was handed down the following March eleventh. In the latter case double commissions were allowed, while the former denies them. These determinations were reviewed and explained in *McAlpine* v. *Potter* (126 N. Y. 285), in which the court says (at p. 289): "Both cases agree in the rule that double commissions to the same persons, first in the character of executors and then in that of trustees, are to be awarded only when the will contemplates a several and separable action in each capacity, not at the same but different stages of the administration, and that they are not to be allowed where the will makes no such separation, but blends the two duties and commingles them without a severance. To the ordinary duties of an executor may be added the performance of a trust in such a manner that the two functions run on together. It is the duty of an executor as such to pay to a legatee the amount of the legacy in the manner and at the time provided by the testator, and it does not change that duty that the payment of the principal is postponed and the income made payable annually in the meantime. A trust duty may thus be imposed upon an executor which thereby becomes and is made a function of his office. A will must go further than that to admit of double commissions, and must clearly and definitely indicate an intention of the testator to end the executor's duty at some point of time, and to require him thereupon (page 290) to constitute and set up one or more several trusts, to be held and managed as such for the interest of the beneficiary."

The opinion in *Johnson* v. *Lawrence* (95 N. Y. 154), commented upon, contains the following further illuminating statements (at p. 162): "* * * to entitle the same persons to commissions as executors and as trustees, the will must provide, either by express terms or by fair intendment, for the separation of the two functions and duties, one duty to precede the other and to be performed before the latter is begun, or substantially so performed; and must not provide for the co-existence, continuously and from the beginning, of the two functions and duties; and that where the will does so provide for the separate and successive duties, that of trustee must be actually entered upon and its performance begun, either by a real severance of the trust fund from the general assets, or a judicial decree which wholly discharges the executor and leaves him acting and liable only as trustee."

To the foregoing statement of basic principles should be added certain excerpts from the opinion of the Appellate Division for the First Department in *Matter of Union Trust Company* (70 App. Div.

5, at p. 9), where the court says: " To determine in what capacity one acts, it is important to keep in view what ordinarily are the duties of an executor. They are similar to those which in the event of intestacy would devolve upon an administrator. That is to say, in either capacity, the duties are to administer upon the estate by collecting and reducing to possession the assets of the estate and, after paying debts, to have the balance in hand for distribution. It is only at this point that a distinction arises, which is that an executor makes distribution under the will and an administrator under the law." (See, also, *Drake* v. *Price*, 5 N. Y. 430, 431.)

These statements embrace all of the basic principles applicable to the question and the many other cases in the reports represent merely applications of these principles to the varying phraseology of the wills under consideration and the pertinent surrounding facts of the cases decided.

Since the only difficulty connected with the entire subject is in the application of the rules thus clearly enunciated, it should prove of advantage in seeking concrete rules of action to review briefly a few of the leading decisions involving the question.

In *Johnson* v. *Lawrence* (95 N. Y. 154) the will directed: *First*, payment of debts; *second*, that the executors should continue testator's business during the lives of testator's wife and daughter and that the profits beyond certain fixed sums to be paid them, should be added to the " working capital " of the estate. On the death of the wife and daughter, it directed that the business be closed and the estate divided among his children. It was held that the executors acted throughout, and that only single commissions were payable.

The will in *Laytin* v. *Davidson* (95 N. Y. 263) directed payment of debts and certain specific legacies, the construction of a burial vault, and the division of the residue into five equal parts, the income of each payable to one of testator's children for life with remainder to his issue. Double commissions were held allowable.

*Matter of Mason* (98 N. Y. 527) presented testamentary directions, *first*, for payment of debts; *second*, erection of four trusts with varying principal sums, payment of income to be made to life tenants and varying directions for payment of principal; *third*, payment of the residue of the estate to named individuals. The holding allowed not only commissions on the entire estate as executors, but also commissions as trustees on the several trust funds, designated " second," *supra*.

The testamentary directions in *Matter of Willets* (112 N. Y. 289) set up thirteen separate annuities, directing that a sufficient fund be set aside for their maintenance and directing that any unappro-

priated income be paid to testator's grandchildren *per capita.* The residue of the estate was then bequeathed to the executors in trust to convert into cash and to divide into as many shares as testator left surviving grandchildren. The income from each such share was to be paid to the particular grandchild with remainder to his issue. Double commissions were allowed.

The plan envisaged in the will under review in *Matter of Crawford* (113 N. Y. 560) was similar, the direction being to pay debts, etc., and then to divide the remainder of the estate into thirty-two equal parts, five to be held for one daughter, eight for a second, and nineteen for a third, with the incomes payable to them respectively for life, with remainders over. Commissions both in the executorial capacity and as trustees were allowed.

*McAlpine* v. *Potter* (126 N. Y. 285) directed payment of debts, etc., a $200 legacy to a named beneficiary, and the holding of the balance in trust for the lives of two named individuals, during which period one-sixth of the income was to be paid to each of six individuals. On the death of all six of such distributees, or of the survivor of the two limiting lives, the principal was to be distributed in the manner directed. Only single commissions were permitted.

Similar facts and an identical determination are disclosed in *Matter of Slocum* (169 N. Y. 153) where the entire estate was given to trustees to convert, pay debts, etc., and invest, and then to pay two-thirds of the income to the widow and one-third for the benefit of the son's family, with final payment over on their respective deaths.

On the other hand, *Matter of Johnson* (170 N. Y. 139) allowed double commissions where the will erected one trust of $20,000, another of $50,000, and directed that the residue be used to create three additional, separate trusts.

A variation of the usual facts was presented in *Olcott* v. *Baldwin* (190 N. Y. 99). There, after certain specific bequests, testator gave a daughter $5,000, " to be paid immediately after my decease to enable her to meet necessary expenses incurred before the payment to her of the income of my estate as hereinafter directed." He then gave two small annuities to a brother and a sister and the residue in trust for the daughter, with remainders over on her death. The court in determining that the will distinguished the duties of executor and trustee so as to make double commissions proper, laid stress on the phraseology of the $5,000 gift to the daughter, as showing an intention that the duties of executor and trustee should not be coexistent and that the latter were to begin only after the completion of the former.

The principle of estoppel is applied in *Matter of Martin* (196 N. Y. 415), in which it is held that although the terms of the will were such as would ordinarily preclude double commissions, yet they would be confirmed as against consenting parties where a decree for their allowance had been entered.

The will in the much-discussed but frequently sadly misunderstood determination of *Matter of Ziegler* (218 N. Y. 544) established, *first*, six annuities of $2,400 each; *second*, gave specific personal property to the widow; *third*, bequeathed her a $50,000 annuity and made provision for payment of certain of her living expenses; *fourth*, directed that these provisions should be in lieu of dower, and then gave the entire residue outright to the son subject to the suspensory conditions therein particularly enumerated, which were that he should receive maintenance until he attained his majority and the full income thereafter, with payments of one-fourth of the principal to him on attaining each of the ages of twenty-five, thirty, thirty-five and forty years. Double commissions were disallowed.

*Matter of Clinton* (12 App. Div. 132) and *Matter of Hogeboom* (219 id. 131) presented substantially similar facts. In both the testatrix, after directing payment of debts, etc., gave the entire residue in trust for her husband for life with power to invade principal, with absolute gifts over on his death. In both cases, single commissions only were allowed.

The facts and result in *Matter of Hogarty* (62 App. Div. 79) were in all material aspects identical with *McAlpine* v. *Potter* and *Matter of Slocum* (*supra*), in that after a direction to pay debts, etc., and a $200 bequest, testator gave his entire estate in trust to pay half of the income to each of two sisters for life, with remainders over. It was held that only a single commission was payable.

Similarly, *Matter of Blun* (176 App. Div. 189) resembled in factual showings and result *Laytin* v. *Davidson*, *Matter of Mason*, *Matter of Willets* and *Matter of Crawford*, division of the residue into distinct, separate parts being directed and double commissions allowed.

*Matter of Union Trust Company* (70 App. Div. 5), while unquestionably sound in its result of allowance of double commissions, on the authority of *Matter of Martin* (196 N. Y. 415), is of doubtful validity on other aspects of the case, being indistinguishable on its factual showing from *McAlpine* v. *Potter*, *Matter of Slocum*, *Matter of Clinton* and *Matter of Hogeboom*.

In that case after direction for payment of funeral expenses, etc., the entire estate was given in trust for payment of income to a

sister for the support of her children, with a direction for payment of portions of the principal to the children on attaining their respective majorities. It appeared that a decree had actually been entered purporting to settle the accounts of the executors and directing payment to themselves as trustees. Whereas, therefore, the result of double commissions appears, on the wording of the will, out of line with the earlier determination of the same court in *Matter of Clinton*, as well as the other noted decisions of the Court of Appeals and the Third Department, respectively, it seems sound on the estoppel theory of *Matter of Martin*, as well as on principles of *res adjudicata*.

This brings us to four cases which possess particular interest by reason of the fact that their determinations involved both phases of the subject. These cases are *Matter of Hunt* (121 App. Div. 96); *Leask* v. *Beach* (173 id. 873); *Matter of Vanneck* (175 id. 363) and *Matter of Martin* (124 id. 793). The determination in the last named decision, while modified by the Court of Appeals (196 N. Y. 415) on the subject of annual rests in the computation of trustees' commissions, was otherwise affirmed and, therefore, presents an authoritative decision on the question here under consideration.

In *Matter of Hunt* (121 App. Div. 96), decided in the Fourth Department, the will directed payment of debts, etc., and gave the remainder to the executors in trust to pay half of the income to each, a son and daughter, further directing that on the death of either, one-half of the corpus should be paid over to the children of the decedent and that the other should continue in trust for the surviving child. The holding, which seems theoretically unexceptionable, was that so long as both children lived, the representatives acted purely in an executorial capacity, but on the death of the son they received the undistributed half as trustees for the daughter. They were, therefore, entitled on the death of the son to commissions on the entire estate as executors and to half commissions on taking as trustees that portion of the fund in which the surviving daughter had a life interest.

In the First Department decision in *Matter of Martin* (124 App. Div. 793) the directions of the will disclosed in the opinion were, *first*, payment of debts; *second*, erection of a trust fund to supply testatrix's unmarried daughters with a home; *third*, setting apart of a trust fund in which testatrix's son was a life tenant with remainders over, and, *fourth*, the residue to be held in trust for the lives of testatrix's two youngest daughters, but not for more than ten years, income to be payable in equal shares to testatrix's children other than her son, during such period, with equal distribution on its termination. The court held that the second and third

provisions, *supra*, created trusts upon which double commissions were payable, whereas the residuary direction embraced merely executorial duties, authorizing only a single commission.

An analogous result was reached under different testamentary directions in *Leask* v. *Beach* (173 App. Div. 873).

The 4th clause in the will adjudicated in *Matter of Vanneck* (175 App. Div. 363) gave the representatives $12,000 to invest and pay the income to Minnie Callahan for life, the principal, on her death, to fall into the residue of the testator's estate. The succeeding item bequeathed $1,000,000 in trust, to pay the income to a son for life, with remainder to his heirs. The former was held to envisage merely executorial activity calling for only single commissions, while the latter set up a valid trust, entitling the representatives to commissions both as executors and trustees.

Additional cases of interest are *Hall* v. *Hall* (78 N. Y. 535), in which single commissions were awarded; *Phœnix* v. *Livingston* (101 id. 451), where double commissions were allowed, and *Hurlburt* v. *Durant* (88 id. 121), which, while not determining the question either way, contains some pertinent observations on the general subject.

From an analysis of the language and determinations of the cases reviewed, it is possible to formulate a series of practical rules governing the vast majority of the cases of this type which are constantly arising. A statement of these general principles is as follows:

1. As in all questions of testamentary construction, the expressed intention of the testator governs the question of allowance of single or double commissions. (*Matter of Ziegler*, 218 N. Y. 544, 554; *Olcott* v. *Baldwin*, 190 id. 99, 106.)

2. The fact that the will refers to the fiduciary as a "trustee" will be given no weight whatsoever in determining whether or not such fiduciary is entitled to commissions in a dual capacity (*McAlpine* v. *Potter*, 126 N. Y. 285; *Matter of Vanneck*, 175 App. Div. 363; *Matter of Martin*, 124 id. 793), although the omission of such title and designation of the fiduciary solely as "executor" will be considered as lending weight to a result allowing single commissions. (*Matter of Slocum*, 169 N. Y. 153; *Matter of Ziegler*, 218 id. 544, 552, 553, 554.)

3. Where the persons named as "executors" are not the same as those named as "trustees" the circumstance is strong evidence that the testator contemplated the severance of the duties of the offices. (*Phœnix* v. *Livingston*, 101 N. Y. 451, 455.)

4. No presumption will be indulged that a testator intended to subject his estate to a double expense for management, in the

absence of a showing in the will that separate functions were intended, with the duties of executor completed before those of the trustee begin, the test being whether the executorial function is intended to terminate prior to final distribution to the ultimate beneficiaries, and not whether some trust powers or functions have been granted to the fiduciaries by the terms of the will. (*Johnson* v. *Lawrence*, 95 N. Y. 154, 161; *McAlpine* v. *Potter*, 126 id. 285, 289, 290; *Olcott* v. *Baldwin*, 190 id. 99, 105; *Matter of Martin*, 196 id. 415, 417; *Matter of Ziegler*, 218 id. 544, 551; *Matter of Vanneck*, 175 App. Div. 363, 365.)

5. The usual functions of an executor are payment of debts, marshaling of assets, conduct of the business of the testator, if authorized in the will, and distribution of specific sums or things to those entitled by its terms (*Johnson* v. *Lawrence*, 95 N. Y. 154, 162, 163; *Laytin* v. *Davidson*, 95 id. 263, 266; *Matter of Crawford*, 113 id. 560; *Matter of Clinton*, 12 App. Div. 132, 137; *Matter of Union Trust Co.*, 70 id. 5, 9), and unless these duties are, by the terms of the will, to be completed prior to distribution, no dual representation will be held to exist and double commissions will not be awarded. (See cases cited under principle 4, *supra.*)

6. Inclusion of or failure to include directions for purely executorial acts has no bearing upon the question of the propriety of allowance of double commissions. (*Laytin* v. *Davidson*, 95 N. Y. 263, 265, 266; *McAlpine* v. *Potter*, 126 id. 285, 289.)

7. The practical test for determination of double commissions in the usual case relates to payment over of a specific and determined principal fund. Such commissions will not be allowed: (a) Where there is a direct bequest to the ultimate beneficiary coupled with postponement of his possession thereof and a direction for payment of the income to him in the interval. (*McAlpine* v. *Potter*, 126 N. Y. 285, 289; *Hall* v. *Hall*, 78 id. 535, 540; *Matter of Ziegler*, 218 id. 544.) (b) Where a gross and undivided fund is set up to be held for two or more individuals, the division of the principal to take place at some future time, the income, meanwhile, to be payable to them in specified proportions. (*Johnson* v. *Lawrence*, 95 N. Y. 154, 164; *McAlpine* v. *Potter*, 126 id. 285, 290; *Hall* v. *Hall*, 78 id. 535, 540; *Matter of Slocum*, 169 id. 153, 159; *Matter of Hogarty*, 62 App. Div. 79; *Matter of Hunt*, 121 id. 96; *Matter of Martin*, 124 id. 793.) (c) The same rule is applicable where all the property in the estate after payment of debts and specific legacies is to be held for a single individual as life tenant, with remainder over on the happening of some future event. (*McAlpine* v. *Potter*, 126 N. Y. 285, 289; *Matter of Slocum*, 169

id. 153, 159, 160; *Matter of Clinton*, 12 App. Div. 132, 137; *Matter of Hogeboom*, 219 id. 131, 138; *semble, contra, Matter of Union Trust Company*, 70 App. Div. 5.) (d) Where any purely executorial function remains to be accomplished, *e. g.*, distribution of the residue of the estate under a direction to pay the income from a specified fund to " A " for life, the principal on the happening of some future event to fall into the residue of the estate. (*Johnson v. Lawrence*, 95 N. Y. 154; *Matter of Ziegler*, 218 id. 544, 553; *Matter of Vanneck*, 175 App. Div. 363, 364; *Matter of Blun*, 176 id. 189.)

8. Conversely, double commissions will be allowed, (a) where the will directs specific or ascertainable sums to be erected into trusts for specified individuals (*Matter of Johnson*, 170 N. Y. 139; *Phœnix v. Livingston*, 101 id. 451, 454, 455; *Matter of Mason*, 98 id. 527, 534; *Matter of Hogarty*, 62 App. Div. 79; *Leask v. Beach*, 173 id. 873), or (b) where an actual division of the residue into specific or ascertainable parts, to be held in trust, is directed, since in this case the determination of such parts cannot be accomplished until the financial value of the residue is fixed and this, in turn, cannot take place until the completion of the executorial duties. (*Laytin v. Davidson*, 95 N. Y. 263, 266; *McAlpine v. Potter*, 126 id. 285, 290; *Matter of Johnson*, 170 id. 139; *Olcott v. Baldwin*, 190 id. 99, 106; *Matter of Crawford*, 113 id. 560, 568; *Matter of Willets*, 112 id. 289; *Matter of Hunt*, 121 App. Div. 96; *Matter of Martin*, 124 id. 793; *Matter of Blun*, 176 id. 189, 190.)

9. Each item of any particular will must be separately analyzed since the terms of certain specific gifts may entitle representatives to double commissions thereon, while the donative language of other provisions or of the residue may produce a contrary result. (Cf. *Matter of Hunt*, 121 App. Div. 96; *Matter of Martin*, 124 id. 793; *Leask v. Beach*, 173 id. 873; *Matter of Vanneck*, 175 id. 363.)

10. Although the terms of the will are such that double commissions would be denied as a matter of first impression, they will be sustained where allowed by an unmodified or unquestioned decree of a court of competent jurisdiction (*Johnson v. Lawrence*, 95 N. Y. 154, 161; *Olcott v. Baldwin*, 190 id. 99, 107; *Phœnix v. Livingston*, 101 id. 451, 455; *Matter of Slocum*, 169 id. 153, 160; *Matter of Mason*, 98 id. 527, 535; *Matter of Hogarty*, 62 App. Div. 79, 86; *Matter of Union Trust Company*, 70 id. 5, 11; *Matter of Hunt*, 121 id. 96, 103; cf. *Matter of Ziegler*, 218 N. Y. 544) or as to parties who have assented thereto. (*Matter of Martin*, 196 N. Y. 415; *Matter of Hunt*, 121 App. Div. 96.)

11. Where the provisions of the will contemplate the erection of separate funds of separate and readily determinable amounts,

the fact that the representatives have not made an actual physical division of the funds does not deprive them of their right to compensation in dual capacities. (*Laytin* v. *Davidson*, 95 N. Y. 263, 266; *Matter of Crawford*, 113 id. 560.)

Adverting to the wording of the will in the case at bar, its provisions provide for the payment of debts, give certain demonstrative legacies, and it then directs the division of the remainder of the estate into four shares, two of twenty per cent and two of thirty per cent, which are given to the trustees to be held separately for four named individuals on stated trusts. Various powers are granted to the trustees, among others joint investment of the separate shares.

It must be apparent from the review of the law which has been had that this is clearly a case where double commissions are allowable, the provisions of the will falling squarely within the foregoing deduced principle numbered 8 (b). Indeed the case is in all material respects identical with the testamentary direction found in *Matter of Crawford* (113 N. Y. 560).

Since no other objections have been interposed to the account, it will be settled as presented.

Let decree enter accordingly.