In the Matter of the Estate of WILLIAM HALBERT, Deceased.

Surrogate's Court, Kings County, August 20, 1931.

*George C. Buechner*, for the petitioner.

*Rumsey & Morgan*, for the executors of the estate of Marion H. Rae, deceased trustee.

*Brown & Falkinburg* [*Edward J. Brown* of counsel], for Roger A. Fuller as general guardian of Jean H. Fuller, Helen M. Fuller, William H. Fuller and Betty A. Fuller, infants and Isabel H. H. Fuller, remaindermen.

Wingate, S. Whereas this court has on some past occasions felt no little impatience with determinations limiting the scope of judicial notice to a point which would fossilize the judiciary into a group of singularly unintelligent morons, it is presently unprepared to affirm the thesis of respondents in this proceeding of a presumption of law to the effect that any person of Scotch birth or descent intends that his testamentary fiduciaries shall be recompensed at a rate less than that provided by law. It is, of course, a truism that a testamentary document is to be construed in accordance with the intention of the testator, but it is equally fundamental, that such intention is to be gathered from the language employed in the will, and not as a result of alleged racial or personal characteristics of liberality or the reverse.

The sole questions here presented for determination relate to the propriety of allowance of commissions to testamentary fiduciaries, which subject appears perennially perplexing to the bar in spite of the many efforts of this and other courts to clarify the basic governing principles.

By his will duly probated in this court on December 18, 1925, testator bequeathed the remainder of his estate to his trustees in trust to hold one-half thereof for the life of his wife with remainders over, and to hold the other one-half for the life of his daughter with similar remainders. The same individuals were appointed executors and trustees.

By decree made the 30th day of June, 1927, the accounts of the executors were judicially settled, and after directing the usual executorial payments provided that the sum remaining in the hands of the executors should be paid over by them to themselves in equal parts for the purposes of constituting the two separate remainder trusts.

At the time of such decree the executors received full commissions in that capacity. Thereafter they continued the administration of the several trusts up to the death of one of their number.

The present proceeding contemplates the intermediate judicial settlement of the accounts of the trustees and seeks the allowance of commissions on the property received by them in their trust capacity.

The question presented for determination, therefore, is whether the fiduciary representatives are, under the provisions of section 285 of the Surrogate's Court Act, entitled to commissions for action in dual capacities; in other words, whether they should receive in addition to the full commissions as executors which have already been paid them, additional commissions for acting as trustees.

As has been noted many times in the past, section 285 provides

for compensation at specified rates to various varieties of fiduciaries, among whom are executors and testamentary trustees. This section and its forerunners have been the subject of frequent judicial interpretation, the leading cases in connection with which were exhaustively reviewed by this court in its opinion in *Matter of Abrahams* (136 Misc. 538). The result of these interpretative decisions in so far as here pertinent, is that commissions in a dual capacity are allowable only where the executorial and trust duties are distinct and severable, the latter necessarily beginning after the termination of the former. As this and other courts have frequently pointed out, such severance is usually absent where the entire residue of the estate is dedicated for the benefit of a single person or its income is to be distributed pro rata, as it accrues, to a number of different individuals. (*Matter of Morin*, 136 Misc. 823; *Matter of Jackson*, 138 id. 167; *Matter of Rappold*, Id. 163; *Matter of Stewart*, 140 id. 155; *Matter of Schliemann*, Id. 230.) Where, however, as in the will at bar, there is an express direction for a division of such residue into one or more distinct and separate trusts, it is apparent that the corpus of the several trusts cannot be determined until the entire sum available in the residue is ascertained, which, in turn, can be learned only after a full and complete performance of all executorial duties.

This basic principle received consideration by this court in *Matter of Abrahams* (*supra*, at p. 546).

The situation presented here is similar to that found to exist in *Matter of Blun* (176 App. Div. 189), where the testator directed that one-fifth of the residue of his estate be held in trust for one individual, a second fifth for another and three-fifths for a third. The court in holding that under such circumstances the trustees were entitled to separate commissions as such, said (at p. 190): " It will thus be seen that the executorial duties are to be performed, the debts are to be paid, the legacies are to be paid, before the residue is ascertained. Then, and only then, is the residue to be divided into fifths, which are given to the executors in trust."

Similarly in *Matter of Hunt* (121 App. Div. 96) the will directed the entire residue to be held, and the income paid in equal parts to two individuals and on the death of either the fund to be divided into two equal parts, one of which should be paid outright to the next of kin of such decedent, and the balance held in trust for the survivor. The court, while determining that the trust duties imposed upon the fiduciaries prior to the death of either beneficiary, were executorial and did not entitle them to commissions in a dual capacity, held that the division, upon the death of one of them, constituted a severance of the duties and that thereafter the

fiduciaries held the undistributed one-half solely as testamentary trustees and were entitled to commissions as such. The court said in part as follows (at p. 102):

"But if the fair reading of the testamentary provision shows that at some time the executor is to take, hold and manage the fund in filling a separate and separable trust beyond and distinct from the duties which the will discloses he is to perform in his capacity as executor, and the separation or setting apart of the fund is made, or as matter of law is to be regarded as made, then his right to double commissions follows as an incident. * * *

"* * * When John D. Ingersoll died, then, following the provisions of the will, it became necessary to divide the estate, and the division then made necessarily left one-half of the estate to be managed and administered as a separate trust for the benefit · of Mary Hunt, the life beneficiary, during her life, and on her death to distribute the corpus of the fund, so far at least as the same consisted of personal property, to those entitled thereto. This necessarily involved and contemplated a severance of the fund, which we think also involved a separation of the functions of executor and trustee, and a separate holding thereafter of that part of the estate by the surviving executor, not in his capacity as executor, but as trustee of that separate fund. * * * * "

The same principle is emphasized by the Court of Appeals in *Laytin* v. *Davidson* (95 N. Y. 263), where the court says (at p. 266):

"The duty of division into shares, and to receive and apply the income of the several shares to the use of the beneficiaries respectively, could not be performed until the residue should be ascertained by an accounting."

It must be apparent, therefore, that the directions of the will at bar contemplate action by the fiduciaries in a dual capacity within the interpretive decisions of this State. This construction might well dispose of the entire matter presented, but the court feels that further consideration of the effect of a final judicial settlement of the accounts of executors and a direction for subsequent holding by them in a purely trust capacity may be of value in view of the evident confusion of a large portion of the bar on the subject.

As has been noted, a decree was duly entered in this court on June 30, 1927, settling the accounts of the executors and directing their division of the residue of the estate into two parts, one of which was to be held for each of the two trusts erected by the testator.

It has frequently been held that one of the surest indications of the right of fiduciaries to commissions in a dual capacity *is*

furnished by a decree judicially settling their accounts as executors and directing their subsequent holding in a trust capacity.

Thus the Court of Appeals says in *Olcott* v. *Baldwin* (190 N. Y. 99, at p. 107):

" To entitle persons named in a will as executors and as trustees to double commissions they must have actually entered upon their duties as trustees. An accounting as executors and a transfer of the trust fund to the trustees pursuant to a decree of a court of competent jurisdiction is the most satisfactory proof of the completion of their duties in one capacity and the commencement of their duties in the other capacity, but such judicial decree is not the only means of proving that the transfer has actually been made."

This is strictly in line with the language of the same court in *Matter of Willets* (112 N. Y. 289, 296).

In *Matter of Hogarty* (62 App. Div. 79) the court says (at p. 86):

" The rule is that unless the will contemplates a separation of the duties of executor and trustee and fixes a point of time at which one function should end and the other begin, or there has been a judicial decree settling the final accounts of the executor, as such, double commissions cannot be allowed."

Perhaps the most pertinent statement respecting the legal situation resulting from such a decree, is found in the opinion of Judge O'Brien in *Matter of Union Trust Co.* (70 App. Div. 5, at p. 11), where the following appears:

" Although it is claimed that the part of the decree of September 8, 1900, which directs the estate to be delivered to the Union Trust Company " as trustee," was inserted through inadvertence, the fact is that such a provision remains therein, and the decree has never been set aside or appealed from, and for that reason was just as binding upon the learned surrogate as it is upon us. In all the cases, including the one on which most reliance has been placed, that of *Johnson* v. *Lawrence* (95 N. Y. 154), it will be seen that one of the controlling features in the determination of the question of double commissions has been whether, to use the language of the opinion in that case, there was ' a judicial decree which wholly discharges the executor and leaves him acting and liable only as trustee.' That surely was the condition here, because the trust company had been discharged as executor and the property had been turned over to it as trustee; and when this proceeding was commenced, it was by the trust company ' as trustee.' We think, then, that it was beyond the power of the learned surrogate to disregard that decree, so long as it remained a valid and binding adjudication upon the question of the status of the trust company."

(See, also, to like effect, *Phoenix* v. *Livingston*, 101 N. Y. 451, 455; *Matter of Martin*, 196 id. 415, 419; *Matter of Schliemann*, 140 Misc. 230, 231; *Matter of Coutts*, Id. 93, 96.)

It follows, therefore, that for both reasons assigned, the fiduciaries under the will at bar must be held to have acted in a dual capacity and, therefore, to be entitled to commissions as trustees, in addition to the executorial commissions allowed them on the former decree herein. So far as concerns the surviving trustees these are half commissions for receiving the property in the original state in which it was turned over to them, and also half commissions on any increment which may have accrued subsequent to such receipt, up to the date of their accounting.

Whereas the rights of the deceased trustee are purely within the discretion of the surrogate, no valid reason appears why her estate should not be equally compensated with the limitation, however, that her rights to commissions on increment terminated, and are to be fixed as of the date of her death. (*Matter of Healy*, 138 Misc. 462; *Matter of Coutts*, 140 id. 93.)

In view of the fact that the objection respecting the allocation of expenses between the several trusts has been withdrawn, the foregoing decides all matters presently controverted.

Proceed accordingly.