In the Matter of the Estate of DAVID LITE, Deceased.

Surrogate's Court, Kings County, February 25, 1932.

*Charles J. McDermott*, special guardian.

*Weinberg & Weinberg* [*Benjamin Weiss* of counsel], for the executors.

WINGATE, S.   The sole question presented for determination on this accounting relates to the commissions to which the fiduciaries are entitled.

The will, which was admitted to probate in this court on June 19, 1930, after directing the payment of debts and testamentary expenses, gave the entire residue of the estate to the executors and trustees, directing them to pay $2,400 a year for the guardianship of testator's two children, Mildred and Florence, and to pay the college expenses of Mildred.   It then provided for the accumulation of one-half of the surplus income for each child during their respective minorities and directed payment thereof to them in equal shares after they respectively attained the age of twenty-one.   When Mildred attained the age of forty, one-half of the corpus was to be paid over to her and a like provision was made respecting the payment of the balance to Florence.   Alternate provisions were inserted covering the death of either daughter prior to attaining that age.

It is obvious that since the direction was that the residue, less the specified deductions, should be held as a gross and undivided fund for these two daughters, the division of the principal to take place at some future time with the income meanwhile payable to them in specified proportions, no separation of functions of the testamentary fiduciaries into those of executor and trustee was contemplated, and that consequently commissions in two capacities cannot be awarded them.   (*Matter of Abrahams*, 136 Misc. 538, 545, and cases cited; *Matter of Morin*, Id. 823, 824; *Matter of Rappold*, 138 id. 163, 164; *Matter of Jackson*, Id. 167, 173 *et seq.*; *Matter of Gallaway*, 139 id. 183, 186; *Matter of Stewart*, 140 id. 155, 157, 158;

*Matter of Halbert,* 141 id. 181, 182–184; *Matter of Schliemann,* 140 id. 230, 231; affd. as to this point, 235 App. Div. 635.)

Since the estate exceeds $100,000 in value, each of the executor-trustees would, under the provisions of the first sentence of paragraph 9 of section 285 of the Surrogate's Court Act, ordinarily be entitled to one full commission, of which one-half would be payable upon the settlement of this account and the balance upon the complete distribution of the corpus of the executorial trusts.

The 12th item of the will, however, reads in part as follows:

" *Twelfth.* I hereby nominate, constitute and appoint the Lawyers Trust Company and Reuben Weinberg Executors and Trustees under this my Last Will and Testament, they to receive for their commissions as such only one commission same to be divided equally between them; and in the event they refuse to act as above provided, then I do hereby nominate, constitute and appoint the Title Guarantee & Trust Company to act in such capacity."

The obvious purpose of the insertion of this clause by the testator was to limit the sum which might be received by both of his executors to the sum which would be payable had only a single executor been named and qualified. This intention is rendered more obvious since the will provides that if the executors do not desire to accept the appointment on this condition, a single alternate executor shall act, to whom, obviously, only one commission would be payable in spite of the fact that the estate exceeded $100,000 in value.

Since the executors have qualified under the will they are estopped to deny that they accepted the condition imposed by the testator and are, therefore, entitled at this time to only one-half of a single commission upon the principal and income, to be divided between them.

Proceed accordingly.